[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11233

_____

D. C. Docket No. 04-60095-CV-JIC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2006
THOMAS K. KAHN
CLERK

JOSEPH THORNE,

                                                    Plaintiff-Appellant,

versus

ALL RESTORATION
SERVICES, INC. et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 9, 2006)**

Before BIRCH and MARCUS, Circuit Judges, and NANGLE[*], District Judge.

NANGLE, District Judge:

---

[*] Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

Joseph Thorne appeals the district court's grant of All Restoration Services'

[ARS] Rule 50 motion for dismissal. Thorne argues that the district court erred in

granting the Rule 50 motion because there was sufficient evidence presented at

trial to show that he was entitled to individual coverage under the Fair Labor

Standards Act when he regularly used Defendants' credit cards, and performed

restoration work directly essential to the production of goods for commerce. This

Court finds that Thorne failed to present sufficient evidence that he was either

engaged in interstate commerce or was engaged in the production of goods for

commerce. Accordingly, the Court **AFFIRMS** the district court's grant of

Appellees' Rule 50 motion and dismissal of the case.

## I. BACKGROUND

Appellant Thorne sued Defendant Appellees under the Fair Labor Standards

Act ("FLSA") for alleged nonpayment of overtime compensation. Defendants

moved for a Rule 50 motion to dismiss, arguing that the FLSA did not apply

because Thorne had not presented evidence at trial that he qualified for either

enterprise coverage or individual coverage under the FLSA. The district court

granted Appellees' motion and dismissed the case, finding that "the plaintiff's

activities were local in nature and really did not affect interstate commerce in

general." R44 at 163. Thorne appeals only the district court's finding that he did

2

not prove individual coverage under the FLSA.

At trial, Thorne testified that during his employment for ARS, he primarily performed mold and water damage restoration work for residential and commercial properties. He also performed ministerial work for ARS, which included making purchases of goods for the company. Thorne testified that two to three times per week, he used Appellees' VISA credit card to purchase gas for Appellees' truck. R44 at 83. Thorne also testified that he used Appellees' Home Depot credit card two to three times per week to purchase goods and materials as part of his employment. R44 at 83. Thorne testified that he believed the Home Depot bills came from Atlanta. R44 at 84. However, Thorne later testified that his activities were purely local without any affiliation to matters outside the state of Florida. R44 at 124, 132.

## II. DISCUSSION

Thorne argues that he qualifies for individual coverage under the FLSA because as part of his employment he was (1) engaged in commerce, and (2) engaged in the production of goods for commerce. Under FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage[1] or individual coverage. For individual coverage to apply under FLSA,

_____

[1] Appellant Thorne did not raise the issue of enterprise coverage on appeal.

3

Thorne must have provided evidence at trial that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1) (2005) (stating "no employer shall employ any of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee received compensation . . . at a rate no less than one and one-half times the regular rate"). After discussing the standard for review, the Court will address each prong in turn.

A. Standard for Review

The Court reviews the grant of a Rule 50 motion de novo and "applies the same standards employed by the district court." Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000). The standard for judgment as a matter of law mirrors that of summary judgment in that the non-movant must do more than raise some doubt as to the existence of facts but must produce evidence that would be sufficient to require submission of the issue to a jury. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Although we look at the evidence in the light most favorable to the non-moving party, "the non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." Abel, 210 F.3d at 1337. Therefore, a substantial conflict in the evidence is required before a matter will be sent to the jury, and the

4

grant of a Rule 50 motion is proper when the evidence is so weighted in favor of one side that that party is entitled to succeed in his or her position as a matter of law. Id. The Court finds that Appellant Thorne has failed to raise a substantial conflict in the evidence that his activities were inherently local. Accordingly, Appellees were entitled to judgment as a matter of law.

B. Engaged in Commerce

Thorne argues that he was individually engaged in interstate commerce because he regularly used Defendants/Appellees' credit cards in the course of his employment. Appellees respond that the trial court was correct in finding that Thorne was not individually covered by FLSA because his credit card activities did not involve interstate commerce. The Court is persuaded by Appellees' argument, and the Court finds that Thorne did not produce sufficient evidence at trial that his credit card use involved interstate commerce.

The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. McLeod v. Threlkeld, 319 U.S. 491, 497. Therefore, for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or

5

communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.  29 C.F.R. §776.23 (d)(2) (2005); 29 C.F.R. §776.24 (2005).  See, e.g., McLeod, 319 U.S. at 493-98 (finding that plaintiff's activities were purely local, and he was not engaged in commerce when he merely cooked and cleaned for railroad workers).  In the case at issue, there was no evidence at trial that Thorne worked for an instrumentality of interstate commerce, and Thorne only argues that he regularly used the instrumentalities of interstate commerce in his work by using Appellees' credit cards to make purchases for the business.

Thorne argues that he engaged in interstate commerce both when he used an instrumentality of interstate commerce, i.e. a credit card, to transact business, and also when he purchased goods which had traveled in interstate commerce.  However, Thorne's argument that he engaged in interstate commerce fails because he did not produce sufficient evidence of interstate transactions.

First, Thorne cites no binding authority which holds that credit card transactions constitute an instrumentality of interstate commerce.  C.f. Kitchings v. Florida United Methodist Children's Home, Inc., 393 F.Supp.2d 1282, 1293 (M.D.Fla., 2005) (denying individual coverage under FLSA when plaintiff

6

houseparents at Children's Home purchased personal items for Residents at local stores using Children's Home's credit card).  Thorne relies on a Department of Labor opinion letter, which states that  "[e]mployees . . . are individually covered under the FLSA if, in the performance of their duties, they are engaged in interstate commerce. . . . Such employees include those who regularly handle interstate mail and telephone calls, engage in banking or credit card transactions, or receive or handle goods or materials from or destined for out-of-state sources." Opinion Letter, FLSA, 1999 WL 1002373 (March 5, 1999).

Even assuming, without deciding, that credit card transactions alone could constitute an instrumentality of interstate commerce, Thorne did not produce sufficient evidence of interstate activity to overcome Defendants/Appellees' Rule 50 motion.  Thorne did not produce evidence that he corresponded with merchants outside the state of Florida using the mail, phone, or fax, and nor did he produce evidence that he made purchases of goods from out-of-state vendors.  Rather, the only evidence Thorne produced at trial which implicated interstate activity was that bills for purchases made locally at a Home Depot may have been sent from Georgia.  Thorne testified that the Home Depot bills, "[i]f I'm not mistaken, I think they come from out of Atlanta."  R44 at 84.  However, Thorne later testified at trial that he "didn't do anything that had anything to do with any matter outside

7

of the state." R44 at 132. This Court finds that Thorne's testimony, stating he believed credit card bills came from Atlanta for purchases made at a local Home Depot was not sufficient evidence of engagement in interstate commerce to require submission of the issue to a jury.

Moreover, the fact that some of the tools he purchased may have crossed state lines at a previous time does not in itself implicate interstate commerce. When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act. McLeod, 319 U.S. at 493. Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use. Therefore, a customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers.

In Dunlop v. Industrial America Corporation, 516 F.2d 498, 499 (5th Cir. 1975),[2] the court was faced with the question of whether a business which

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit on and before September 30, 1981 are binding precedent for the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

consumes gasoline and oil in the process of providing services to its customers is the "ultimate consumer" of those goods, and therefore not subject to FLSA coverage. The defendant corporation operated a wholly intrastate garbage removal service, and its only tie to interstate commerce was that its employees used gasoline and oil products which had moved in interstate commerce in operating and maintaining the company's trucks. The court held that the defendant was not covered because it was an "ultimate consumer" of the goods. Id. at 499-502.

Similar to the defendant in Dunlop, ARS operates exclusively within the state of Florida, and its customers are located instate. Under the precedent of Dunlop, ARS's activities were not rendered interstate commerce simply because ARS, an ultimate consumer, purchased goods which had previously moved in interstate commerce. Accordingly, the Court finds that Thorne did not produce sufficient evidence that he engaged in interstate commerce to overcome Defendants' Rule 50 motion.

## C. Engaged in the Production of Goods for Commerce

Thorne argues he was individually covered under the FLSA not only because he was engaged in commerce, but also because his restoration work was

9

directly essential to the production of goods in commerce. Employees whose work is closely related and directly essential to the production of goods for commerce are individually covered under the FLSA. 29 C.F.R. § 776.18 (2005). Congress has indicated that individual coverage under the FLSA includes even maintenance employees of an independent employer who performs work directly essential to producers of commerce. 29 C.F.R. § 776.18 (b). Typical of the employees in this covered group are those who repair or maintain the machinery or buildings used by the producer in his production of goods for commerce and employees of a security force that protects the producer's premises. Id. For example, in Kirschbaum v. Walling, 316 U.S. 517, 518-526, (1942), the Supreme Court held that certain maintenance employees of a clothing manufacturer were covered under FLSA because there was "such a close and immediate tie with the process of production for commerce." Id.

In contrast, employees of independent contractors which provided local services such as window cleaning, lawn maintenance, and pest control are not included as employees doing work "closely related" to production merely because the customers of the employer happen to include producers of goods for commerce. 29 C.F.R. § 776.19 (b)(5). For example, employees of a local exterminator service firm who worked wholly within the state exterminating pests

10

in private homes and in buildings used to produce goods for interstate commerce are not individually covered under FLSA. 29 C.F.R. § 776.19 (b)(5).

Similar to a local exterminator service firm, ARS was a local service firm that performed mold and water restoration of residential and commercial buildings entirely intrastate. Testimony at trial showed that a minority of ARS's clients were commercial businesses.[3] The Court is not convinced that Thorne's water restoration work for a few commercial businesses constitutes work directly essential to the production of goods for interstate commerce. Rather, testimony showed that ARS was primarily a local service provider, whose services had little effect on commercial establishments, let alone the production of goods for commerce.[4] Accordingly, the Court finds that the district court properly granted Defendants/Appellees' Rule 50 motion.

### III. CONCLUSION

Appellant Thorne appeals the district court's grant of Appellees' Rule 50 motion and argues on this appeal that he produced evidence sufficient at trial to

---

[3] Conflicting testimony showed that the majority, between fifty and ninety percent, of ARS's work was residential, which is not covered under FLSA. R44 at 30, 94.

[4] Thorne testified that he performed restoration services for the following businesses: Burdines department store, City Hall, offices in a high-rise complex, and a Cadillac dealership. However, Thorne never produced evidence that these business were engaged in the production of goods for interstate commerce.

11

invoke individual coverage under the FLSA.  After <u>de novo</u> review, the Court finds that Appellant Thorne failed to raise a substantial conflict in the evidence at trial that his activities were inherently local.  Finding no error, we **AFFIRM** the district court's grant of Appellees' Rule 50 motion and dismissal of this case.

    **AFFIRMED.**