[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10618
Non-Argument Calendar

_____

D. C. Docket No. 07-21014-CV-AJ

EUGENIO NAVARRO,

Plaintiff-Appellant,

versus

BRONEY AUTOMOTIVE REPAIRS, INC.,
STEPHEN ROMNEY,
TILDEN TOTAL CAR CARE CENTER,
ANTHONY BROWN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 6, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eugenio Navarro appeals the summary judgment in favor of Broney Automotive Repairs, Stephen Romney, Tilden Total Car Care Center, and Anthony Brown and against Navarro's complaint for unpaid overtime compensation under the Fair Labor Standards Act. See 29 U.S.C. § 207(a)(1). We review a summary judgment de novo. Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1310 (11th Cir. 2007). Navarro argues that he was individually engaged in interstate commerce because the automotive parts that he transported and used to repair vehicles continued to flow in interstate commerce until they reached the customers of Broney Automotive Repairs. We disagree.

Navarro has not established that he was "engaged in commerce" under the Fair Labor Standards Act. 29 U.S.C. § 207(a)(1). To receive overtime compensation, Navarro had to "participat[e] in the actual movement of persons or things in interstate commerce." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006). Navarro's responsibilities "merely affect[ed]" and did not implicate interstate commerce. Id.

Navarro was hired to collect motor parts that had been ordered by the owners of Broney Automotive from local auto parts stores and to use the parts to repair foreign and domestic vehicles. The automotive parts were removed from the

2

flow of interstate commerce when they arrived at the auto parts stores.  See id. at

1267 ("When goods reach the customer for whom they were intended, the

interstate journey ends . . . .").  The later transport and installation of the parts into

the vehicles of Broney's customers by Navarro was purely intrastate activity and

"not covered under the Act."  Id.

The summary judgment in favor of Broney Automotive is **AFFIRMED**.