[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13390
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00123-KOB

CELESTINO ANTONIO MARTINEZ,

Plaintiff-Appellant,

versus

JADE PALACE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 11, 2011)

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff Celestino Martinez appeals the district court's order granting

summary judgment to his former employer, Jade Palace, on his claims of unpaid

overtime and minimum wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The district court concluded that Plaintiff Martinez failed to raise a genuine issue of material fact as to whether he qualified for individual coverage under the FLSA. After review, we affirm.[1]

## I. BACKGROUND

The Defendant Jade Palace is a restaurant serving primarily American-Chinese food to customers in the areas of Shelby and Jefferson Counties, Alabama. From July 2006 to May 2007 and again from July 2008 to January 2009, Martinez worked as a cook at Jade Palace.

Martinez worked every day the restaurant was open. Yang Zhao Chen, one of the owner/operators of Jade Palace, estimated that Martinez worked between five and seven days a week for seven to ten hours each day. Initially, Jade Palace paid Martinez $1,200 each month, but later Martinez's pay increased to $1,500 based on his experience. Jade Palace also provided Martinez with meals.

Mr. Chen and another owner/operator, Wen-Jie Chen, conducted the day-to-day operations of the restaurant, including hiring and firing employees,

---

[1]We review de novo the district court's order granting summary judgment, construing all facts and drawing all reasonable inferences in favor of the non-moving party. Walters v. Am. Coach Lines of Miami, Inc., 575 F.3d 1221, 1226 (11th Cir. 2009). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

supervising employees' duties and schedules, paying bills, ordering supplies, setting payroll and assisting the accountant with the preparation of financial statements and tax returns.

Jade Palace employed between one and two waiters and approximately three kitchen staff, including Martinez. Martinez's duties included food preparation and kitchen services. Martinez did not purchase goods, products or supplies for the restaurant. Martinez did not pay the restaurant's bills or take orders for food. Martinez did not use the telephone, mail or Internet to correspond with Jade Palace's vendors, suppliers or customers.

Martinez filed this FLSA action alleging that Jade Palace owed him unpaid minimum wages and overtime compensation. The district court granted Jade Palace's motion for summary judgment. The court concluded that Martinez was not entitled to individual coverage under the FLSA because he was not "engaged in commerce" while working as Jade Palace's cook. Martinez filed this appeal.

## II. DISCUSSION

To establish a claim for unpaid overtime and minimum wages under the FLSA, a plaintiff employee must prove one of two types of coverage, either: (1) "individual coverage," in which the employee was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," in which the

employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); see also Thorne v. All Restoration Servs., 448 F.3d 1264, 1265-66 (11th Cir. 2006). Martinez relies on the first form of coverage, "individual coverage,"[2] and, more specifically, on the "engaged in commerce" element.[3]

To be an employee "engaged in commerce" within the meaning of the FLSA, the employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." Id. at 1266 (citing McLeod v. Threlkeld, 319 U.S. 491, 493-98, 63 S. Ct. 1248, 1249-1252 (1943)); see also 29 C.F.R. §§ 776.9-776.12.

_____

[2]In a separate summary judgment order, the district court concluded that Martinez was not entitled to enterprise coverage under the FLSA. Martinez does not appeal that ruling. On appeal, Martinez concedes that enterprise coverage does not apply because Jade Palace did not have at least $500,000 in gross revenues during the years he worked at the restaurant. See 29 U.S.C. § 203(s)(1)(A)(ii).

[3]In the district court, Martinez did not argue that he "engaged . . . in the production of goods for commerce" in performing his duties as Jade Palace's cook. Martinez's appellate brief also does not assert that argument. Accordingly, we do not address the issue. See McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1495 (11th Cir. 1990) (explaining that issues not raised in the trial court generally are not addressed on appeal); Tanner Adver. Group, LLC v. Fayette Cnty., 451 F.3d 777, 787 (11th Cir. 2006) (explaining that issues not plainly and prominently raised in the opening brief are considered abandoned).

In <u>McLeod v. Threlkeld</u>, a railroad company employed a cook to prepare and serve meals to workmen repairing the tracks. The cook sought unpaid overtime and minimum wages. 319 U.S. at 492 & n.1, 63 S. Ct. at 1249 & n.1. The Supreme Court concluded that the cook was not "engaged in commerce" for purposes of FLSA coverage. <u>Id.</u> at 497-98, 63 S. Ct. at 1252. The Supreme Court explained that only employees who were in the "channels of interstate commerce," such as operating or maintaining transportation facilities, and not "those who merely affected that commerce," were covered by the "engaged in commerce" provision of the FLSA. <u>Id.</u> at 493-94, 63 S. Ct. at 1249-1250; <u>see also</u> 29 C.F.R. § 776.11(c) (stating that in <u>McLeod</u> the cook's work was "too remote from interstate commerce or foreign commerce to establish coverage on the ground that the employee performing it is 'engaged in commerce'").

In 2006, this Court relied upon <u>McLeod</u> and subsequent agency regulations to conclude that an employee was not "engaged in commerce" for purposes of the FLSA's individual coverage. <u>Thorne</u>, 448 F.3d at 1266. The employee in <u>Thorne</u> performed mold and water damage restoration for residential and commercial properties. <u>Id.</u> at 1265. Several times a week, the employee purchased materials for his job using his employer's Home Depot credit card. <u>Id.</u> We concluded that: (1) there was no evidence that the employee worked for an instrumentality of

5

interstate commerce; and (2) even assuming his use of the credit card constituted a use of an instrumentality of interstate commerce, he had not produced sufficient evidence that these transactions involved interstate activity. Id. at 1266-67.

Here, Martinez presented no evidence that he was "engaged in commerce" as that phrase has been interpreted by the Supreme Court, this Court and the Department of Labor. Martinez did not work for an instrumentality of interstate commerce, but for a small, locally-owned Chinese restaurant. Given that the cook in McLeod, whose work was tangentially related to an instrumentality of interstate commerce (the railroads), was not "engaged in commerce," it is difficult to see how Martinez, a cook in a public restaurant, could qualify for this particular type of FLSA coverage. Martinez admitted that he did not use the telephone, Internet or mail as part of his duties. And there is no evidence that Martinez was required to travel across state lines or to transport materials that were moving in interstate commerce. Cf. Brennan v. Wilson Bldg., Inc., 478 F.2d 1090, 1095 (5th Cir. 1973)[4] (concluding that the phrase "engaged in commerce" extends to elevator operators who regularly transported interstate mail and freight shipments through

_____

[4]This Court adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

an office building).[5]

Martinez points out that, since McLeod, Congress has expanded the FLSA's coverage by adding enterprise coverage and providing that household domestic service employees are covered by the FLSA's overtime and minimum wage requirements. See Fair Labor Standards Amendments of 1961, Pub. L. No. 87-30, § 5, 75 Stat. 65, 67 (May 5, 1961) (adding enterprise coverage to 29 U.S.C. §§ 206 and 207); Fair Labor Standards Amendments of 1974, Pub. L. No. 93-259, § 7, 88 Stat. 55, 62 (Apr. 8, 1974) (adding coverage for household domestic service employees, codified at 29 U.S.C. §§ 206(f), 207(*l*)). While we agree that these amendments added to the FLSA's coverage, we reject Martinez's claim that these amendments altered the FLSA's existing individual coverage or abrogated McLeod's interpretation of "engaged in commerce." In any event, we are bound to follow Thorne, which postdates these amendments and adheres to McLeod's

---

[5]Although Martinez's summary judgment brief asserted that, as part of Martinez's duties, he handled food products and tools that had traveled in commerce, Martinez provided no evidence to support this assertion. In any event, even assuming this assertion is true, it does not change our individual coverage analysis. See Thorne, 448 F.3d at 1267 (explaining that, in an individual coverage case, the fact that a manual laborer bought job supplies, such as tools, that had traveled in interstate commerce "at a previous time" did not "in itself implicate interstate commerce" because once goods "reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act"); cf. Polycarpe v. E & S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (explaining that, in an enterprise coverage case, the "coming to rest" doctrine does not apply and the "handling clause" "allow[s] the FLSA potentially to reach retail and service businesses that were otherwise locally focused").

7

statutory interpretation.  See Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274

(11th Cir. 2010) (explaining that "we are bound to follow a prior binding

precedent unless and until it is overruled by this court en banc or by the Supreme

Court" (quotation marks omitted)).

We also reject Martinez's contention that our conclusion "exempts" all

restaurant cooks from the FLSA's overtime and minimum wage provisions.  We

conclude only that, given Martinez's particular duties as a cook at Jade Palace and

the record in this case, he was not "engaged in commerce" for purposes of

individual coverage under the FLSA.

For these reasons, the district court properly granted summary judgment to

Defendant Jade Palace on Martinez's FLSA claims.

**AFFIRMED.**