[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11250
_____

D. C. Docket No. 1:10-cv-22722-PCH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2012
JOHN LEY
CLERK

EUSEBIA CARDENAS,
FRANCISCO A. MORENO,

Plaintiffs-Appellants,

versus

ARAGON TOWERS CONDOMINIUM
ASSOCIATION INC.,
RAUL INTRIAGO,
JOHN GONZALEZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 20, 2012)

Before DUBINA, Chief Judge, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellants Eusebia Cardenas and Francisco Moreno appeal the district court's grant of summary judgment to Appellees Aragon Towers Condominium Association, Inc., Raul Intriago, and John Gonzalez, in Appellants' action for unpaid minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA). Appellants assert the district court (1) abused its discretion in denying their oral motion to amend their Complaint to add a claim for recovery under 29 U.S.C. § 206(f), and (2) erred in concluding the amendment would be futile because Appellants would not prevail under § 206(f).

## I. BACKGROUND

Appellants were employed by Appellees from approximately December 1, 2006, until December 31, 2009. Appellants' primary function was performing cleaning duties in the common areas of the condominium complex. They periodically performed other duties, such as changing light bulbs or opening doors for residents after hours. Appellants were not employed by the Appellees to clean individual residences in the complex. Appellants lived in a one-bedroom condominium on the premises, and did not pay rent or a mortgage for this condominium.

On July 27, 2010, Appellants filed a Complaint against Appellees, alleging Appellees violated the FLSA by not paying "minimum and overtime wages for

2

work performed in excess of 40 hours weekly." In their Complaint, Appellants alleged that Appellees' business activities involve those to which the FLSA applies. First, they alleged the business affected interstate commerce, resulting in individual coverage under the FLSA. *See* 29 U.S.C. § 207(a)(1); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). Second, Appellants alleged that Appellees grossed over $500,000 annually for the relevant time period, resulting in enterprise coverage under the FLSA. *See* 29 U.S.C. § 203(s); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1229 (11th Cir. 2010).

Both parties filed a motion for summary judgment. In both Appellants' partial motion for summary judgment and response to Appellees' motion for summary judgment, Appellants no longer asserted that Appellees met the individual or enterprise coverage standards of the FLSA.[1] Rather, for the first time during summary judgment proceedings, Appellants asserted they were entitled to FLSA coverage under 29 U.S.C. § 206(f), which provides FLSA coverage for

---

[1] Appellants conceded in the summary judgment hearing that they were no longer relying on the individual or enterprise coverage arguments.

employees in domestic service work.[2]  Appellants had not asserted they were covered by § 206(f) in their Complaint.

The district court granted summary judgment in favor of Appellees.  The district court concluded (1) the Complaint failed to allege a claim for recovery under 29 U.S.C. § 206(f), and the time to amend the Complaint had passed as the case was going to trial in one week; and (2) further amendment would be futile as Appellants did not qualify as employees in domestic service under § 206(f).

## II.  DISCUSSION

### A.  Motion to Amend

Appellants did not allege a violation of § 206(f) until their partial summary judgment motion and response to Appellees' summary judgment motion.  As an initial matter, "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment."  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).  Rather, "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)."  *Id.*

_____

[2]  In changing their coverage theory to § 206(f), Appellants no longer had to show that Appellees' business affected interstate commerce or that the business grossed over $500,000 a year, as Congress specifically found the employment of persons in domestic service in households affects commerce.  *See* 29 C.F.R. § 552.99.

4

Here, however, Appellants did not move to amend their Complaint to include a violation of § 206(f) until the summary judgment hearing. Although leave to amend shall be freely given, Fed. R. Civ. P. 15(a)(2), the oral motion to amend was only one week before trial, and the district court concluded the amendment would be futile. Accordingly, the district court did not abuse its discretion[3] in denying Appellants' motion to amend.

*B. Coverage under 29 U.S.C. § 206(f)*

"Any employee who in any workweek is employed in domestic service in a household" or in "one or more households . . . for more than 8 hours in the aggregate" is covered by the FLSA. 29 U.S.C. § 206(f). "[T]he term domestic service employment refers to services of a household nature performed by an employee in or about a private home . . . of the person by whom he or she is employed." 29 C.F.R. § 552.3.

Appellants do not qualify for domestic service employment coverage under the FLSA. There is no dispute that Appellants were not employed by Appellees to work in households or a private home, which is a requirement for employment in domestic service. Appellants were employed by a condominium association that

---

[3] We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1239 (11th Cir. 2011).

represents the condominium owners and collects fees from them to clean and maintain the common areas of the complex. They were not employed by the individual unit owners. Thus, the district court did not err[4] in granting summary judgment on this basis.

## III. CONCLUSION

We affirm the district court's denial of Appellants' oral motion to amend and grant of summary judgment to Appellees.[5]

**AFFIRMED.**

---

[4] "We review the district court's grant of summary judgment de novo." *Covenant Christian Ministries*, 654 F.3d at 1239.

[5] Because we are affirming the district court, we do not address Appellants' argument that Appellees, upon reversal, should not be permitted to argue cost credits to offset damages.