FILED
United States Court of Appeals
Tenth Circuit

November 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PEARL REAGOR,

      Plaintiff-Appellant,

v.

OKMULGEE COUNTY FAMILY
RESOURCE CENTER, INC., a domestic
not-for-profit corporation,

      Defendant-Appellee.

No. 11-7070
(D.C. No. 6:11-CV-00085-JHP)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Pearl Reagor, an employee of Okmulgee County Family Resource Center, Inc.

(OCFRC), appeals from the district court's grant of OCFRC's motion to dismiss

under Federal Rule of Civil Procedure 12(b)(6) her first amended complaint. In that

complaint, she asserted claims for (1) failure to pay overtime in violation of the Fair

Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219; (2) breach of contract; and

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(3) violation of Oklahoma labor laws.  She argues that the district court erred in dismissing the FLSA claim and in failing to allow limited discovery before dismissing.  She also seeks clarification of the court's dismissal of the state-law claims.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of the FLSA claim and remand for dismissal without prejudice of the state-law claims.

## BACKGROUND

OCFRC is a non-profit agency that provides services to victims of domestic violence and sexual assault.  Ms. Reagor works a forty-eight-hour weekend shift at OCFRC's safe house shelter, but she is compensated for only forty hours of work.  By agreement of the parties, OCFRC treats eight hours as volunteer time--four hours per night for sleeping on Saturdays and Sundays, subject to interruption should responsibilities arise.  This agreement was entered into after OCFRC's executive director stated at a board meeting that OCFRC must comply with the FLSA and pay employees for all on-duty hours.  Ms. Reagor, however, contends that she is entitled to overtime pay under the FLSA for the extra eight hours each week.  In support, she asserts in her first amended complaint that:

> Plaintiff is an "employee engaged in commerce" and Defendant is an "employer" within the meaning of the FLSA.  Upon information and belief that will be confirmed through discovery, Plaintiff and Defendant's other employees handled good[s] and/or admitted clients into Defendant's facility who had moved across state lines from California, Texas and Indian Territories.  Plaintiff utilized the telephone as part of her duties, and was responsible for security of Defendant's facility, including the monitored security system at the facility.  Plaintiff also was responsible for helping patrons of the facility secure cellular telephone service and upgrades to existing cellular phone plans.

- 2 -

Plaintiff also secured pharmaceutical prescriptions at the facility that [had] been manufactured and distributed within interstate commerce on behalf of Defendant's clients. Furthermore, Defendant's facility is located within easy access of U.S. highway 75 and is therefore conveniently located to attract clients from out of state by virtue of Defendant's facility's easy access from the highway.

Aplt. App. at 34-35.[1] Also, Ms. Reagor asserted that OCFRC breached its contract with her and violated the Oklahoma Protection of Labor Act and the Oklahoma Minimum Wage Act.

OCFRC moved to dismiss under Rule 12(b)(6), asserting that the first amended complaint failed to set forth facts showing it was plausible that Ms. Reagor was entitled to the FLSA's protections. The district court granted the motion, finding that Ms. Reagor's factual allegations did not "raise a right to relief above the speculative level" and her bare assertions lacked factual support. *Id*. at 90.

**STANDARD OF REVIEW**

We review de novo the district court's Rule 12(b)(6) dismissal for failure to state a claim for relief. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Under Federal Rule of Civil Procedure 8(a)(2), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

[1] Ms. Reagor filed her first amended complaint after OCFRC filed a motion to dismiss her complaint under Rule 12(b)(6).

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  But "dismissal is appropriate where 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"  *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679).  "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice.  Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  *Khalik*, 671 F.3d at 1191 (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

**DISCUSSION**

I.     FLSA

Ms. Reagor argues that she sufficiently pleaded the elements of an FLSA claim and therefore the district court erred in dismissing under Rule 12(b)(6).  In her complaint, she alleged that she is an FLSA-covered employee and that OCFRC is an FLSA-covered employer.  She further alleged that she was not paid overtime for hours she worked in excess of forty-hours per week.  She contends that these allegations satisfy Rule 8(a) and plausibly state her claim for relief under the FLSA.  We disagree.

- 4 -

The FLSA requires overtime pay of time and a half of regular pay for an employee who works more than forty hours per week and who is "engaged in commerce . . . or . . . employed in an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1).[2] *See generally* 29 U.S.C. § 203(b) ("'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."). To be eligible for overtime, Ms. Reagor bears the burden to show that she is entitled to the protection of the FLSA. *See Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1298 (11th Cir. 2011). As is relevant to this case, she may do so by asserting sufficient facts to plausibly state a claim either (1) that she, individually, was engaged in commerce or (2) that OCFRC is an enterprise engaged in commerce. *See id*. at 1298-99; *see also Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage.").

---

[2] Section 207(a)(1) states:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Ms. Reagor does not assert under § 207(a)(1) that either she or OCFRC produced goods for commerce.

In assessing individual and enterprise coverage, Congress intends to "regulate only activities constituting interstate commerce, not activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). Practical considerations guide when determining what constitutes commerce or engaging in commerce. *Overstreet v. N. Shore Corp.*, 318 U.S. 125, 128 (1943).

For individual coverage, an employee must "directly participat[e] in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266; *see N.M. Pub. Serv. Co. v. Engel*, 145 F.2d 636, 638 (10th Cir. 1944) ("[T]o be engaged in commerce within the meaning of that phrase, an employee must be actually engaged in the movement of commerce, or the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof."). To determine whether an employee is engaged in commerce we look at her activities, not the business of her employer. *See Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959). She must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone. *See Thorne*, 448 F.3d at 1266; *see also* 29 C.F.R. § 776.10(b) (requiring regular and recurrent use of instruments of communication as part of job duties). Isolated or sporadic activities do not satisfy this requirement. *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009); *see also Bowrin v. Catholic Guardian Soc'y.*, 417 F. Supp. 2d 449, 466 (S.D.N.Y.

2006) (stating that de minimis interstate activities are not covered by FLSA); *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1293 n.26 (M.D. Fla. 2005) ("For an employee to be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce." (internal quotation marks omitted)).

For enterprise coverage, there must be an "[e]nterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1) (internal quotation marks omitted). Such an enterprise "has employees engaged in commerce . . . or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and had "annual gross volume of sales made or business done" of $500,000 or more. *Id.* § 203(s)(1)(A)(i), (ii). A non-profit may engage in business activities and therefore be an enterprise. *See Tony & Susan Alamo Found.*, 471 U.S. at 296-97. But the question is whether the non-profit is primarily engaging in competition in the public with commercial enterprises. *See Kitchings*, 393 F. Supp. 2d at 1294; *Briggs v. Chesapeake Volunteers in Youth Servs., Inc.*, 68 F. Supp. 2d 711, 714-15 (E.D. Va. 1999) (citing *Tony & Susan Alamo Found.*, 471 U.S. at 295-99).

A.  Individual Coverage

Ms. Reagor contends that she pleaded sufficient facts to show that she, individually, was an employee engaged in commerce.  As indicated above, she asserted in her complaint that she (1) handled goods that traveled in interstate commerce; (2) admitted clients who had moved across state lines; (3) used a telephone; (4) was responsible for obtaining cellular telephones or upgrading cellular telephone plans for clients; and (5) secured prescription drugs manufactured and distributed in interstate commerce for clients.  We assess each of these in turn to determine whether Ms. Reagor plausibly stated a claim for relief under the FLSA.

Ms. Reagor's assertion that she handled goods that traveled in interstate commerce is conclusory.  Even if the goods had traveled in interstate commerce, she did not engage in commerce, because the FLSA "does not include goods after their delivery into the actual physical possession of the ultimate consumer."  29 U.S.C. § 203(i); *see Joles v. Johnson Cnty. Youth Servs. Bureau, Inc.*, 885 F. Supp. 1169, 1178-79 (S.D. Ind. 1995).  Any effect Ms. Reagor may have had on commerce was too remote to qualify as engaging in commerce.  *See Joles*, 885 F. Supp. at 1179.

Ms. Reagor's assertion that OCFRC provided housing for clients who previously lived in other states does not implicate interstate commerce.  She does not assert that she was responsible in any way for these clients arriving at the shelter. Her contact with them was strictly local.  *See Clyde v. Broderick*, 144 F.2d 348, 351 (10th Cir. 1944) (stating that where services are performed for local project, FLSA

- 8 -

does not apply); *Dent*, 606 F. Supp. 2d at 1361 (holding that although patients may have been residents of other states, there was no engagement in interstate commerce where all contacts were local). Also, there is no indication that out-of-state clients regularly or recurrently lived at the shelter. *See Dent*, 606 F. Supp. 2d at 1361. OCFRC's location near a highway is insufficient by itself to suggest that she engaged in interstate commerce.

Ms. Reagor's assertion that she uses the telephone as part of her duties is conclusory. She does not assert that her use of the telephone was a regular and recurrent part of her duties or that she used the telephone for interstate communications. *See Thorne*, 448 F.3d at 1266-67.

Ms. Reagor's assertion of helping persons obtain cellular telephone service or upgrade existing service also does not implicate interstate commerce. She provided that help as part of the charitable activities of OCFRC, not as a competitor in the cellular telephone business.

Ms. Reagor's assertion of securing pharmacy prescriptions that had been manufactured and distributed in interstate commerce consists of merely handling goods which have already been delivered to the consumer. *See* 29 U.S.C. § 203(i).

Because Ms. Reagor has failed to plausibly suggest that she engaged in interstate commerce, we cannot draw a reasonable inference that OCFRC is liable for overtime pay under the FLSA. *See Iqbal*, 129 S. Ct. at 1949.

## B. Enterprise Coverage

Ms. Reagor contends that OCFRC is covered by the FLSA because its executive director stated at a board meeting that the FLSA requires OCFRC to pay for all hours worked. After that meeting, OCFRC prepared an employment agreement for Ms. Reagor, which stated that she agreed to volunteer eight hours of her time for each weekend shift.

Again, we conclude that Ms. Reagor has failed to plausibly state a claim for relief under the FLSA. The statement by OCFRC's executive director at the board meeting was insufficient standing alone to plausibly indicate OCFRC was engaged in interstate commerce. As indicated above, OCFRC is a non-profit organization, which provides shelter to victims of domestic violence. Generally, activities of nonprofits "are not considered to be conducted for a common business purpose unless they engage in commercial activity." *Bowrin*, 417 F. Supp. 2d at 459 (citing *Tony & Susan Alamo Found.*, 471 U.S. at 297 n.14). Nothing in the complaint suggests that OCFRC was engaged in a business purpose or in any type of competition. *See* 29 C.F.R. § 779.214 (requiring eleemosynary organization to perform activities for business purpose for FLSA coverage); *cf. Murray v. R.E.A.C.H. of Jackson Cnty., Inc.*, 908 F. Supp. 337, 339-40 (W.D.N.C. 1995) (deciding in summary judgment case that charitable temporary shelter for victims of domestic violence and sexual abuse was not engaged in business enterprise covered by FLSA); *Joles*, 885 F. Supp. at 1175 ("Unless it engages in commercial activities in competition with private

entrepreneurs or qualifies as one of the organization[s] listed in 29 U.S.C.

§ 203(r)(2), a non-profit charitable organization is not an 'enterprise' under § 203(r) because it is not conducted for a 'business purpose.'"); *Wagner v. Salvation Army*, 660 F. Supp. 466, 468-69 (E.D. Tenn. 1986) (deciding in summary judgment case that transient lodge was not enterprise engaging in commercial activities within meaning of FLSA, because it did not serve general public or compete with private businesses).

Because Ms. Reagor failed to allege sufficient facts indicating that she engaged in interstate commerce or that OCFRC was an enterprise engaged in commerce, we cannot draw an inference that her claim that she is entitled to protection under the FLSA is plausible. We therefore conclude the district court appropriately granted OCFRC's motion to dismiss under Rule 12(b)(6).

II.    Discovery

Ms. Reagor argues that the district court should have allowed her to conduct limited discovery concerning OCFRC's coverage under the FLSA before dismissing her claim. But she never requested discovery before the court ruled on OCFRC's motion to dismiss.[3] We therefore conclude the court did not abuse its discretion in failing to order discovery sua sponte. *See Flaim v. Med. College of Ohio*, 418 F.3d 629, 643 (6th Cir. 2005) ("Where the district court accepts the plaintiff's allegations

---

[3]    Although Ms. Reagor indicates in her complaint that she will confirm her allegations through discovery, we do not consider that to be a sufficient request for discovery.

as true, but concludes that those allegations are insufficient as a matter of law, it is not an abuse of discretion to limit discovery *sua sponte*."); *Baylis v. Marriott Corp.*, 906 F.2d 874, 878 (2d Cir. 1990) (deciding district court did not abuse its discretion when it dismissed complaint without sua sponte ordering discovery); *see also Iqbal*, 129 S. Ct. at 1954 (deciding that because complaint was deficient under Rule 8, plaintiff was not entitled to discovery).

III.     State-Law Claims

Lastly, Ms. Reagor asks that this case be remanded for the district court to clarify whether it retained jurisdiction over her state-law claims, and, if it did not, whether the dismissal of the claims was without prejudice. Based on our review of the court's order and judgment, we conclude the court did not retain jurisdiction over the state-law claims and the court dismissed all claims with prejudice. Because the state-law claims should have been dismissed without prejudice, we remand to the district court with instructions to dismiss the state-law claims without prejudice. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (stating that where federal claims are dismissed before trial, district court should decline jurisdiction over state-law claims and dismiss them without prejudice).

**CONCLUSION**

The judgment of the district court is AFFIRMED as to the FLSA claim and the appellate assertions regarding discovery.  The case is REMANDED to the district court with instructions to vacate its judgment and re-enter judgment dismissing the state-law claims without prejudice.

Entered for the Court


David M. Ebel
Circuit Judge