[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14769
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23609-JLK

ALFREDO OCAMPO PINO,
and all others similarly situated under
29 U.S.C. 216(B),

Plaintiff-Appellant,

versus

PAINTED TO PERFECTION CORP.,
NOEL NAZARIO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Alfredo Pino appeals from the district court's order granting summary judgment to his employer Painted to Perfection Corp. and its owner Noel Nazario in this action for overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*[1]  We must decide whether Pino was an individual "engaged in commerce," and thus entitled to overtime, under § 207(a)(1).  Because we conclude that he was not, we affirm.

Painted to Perfection is a yacht refinishing and painting business owned by Nazario in south Florida.  In the relevant time period, Pino worked at Painted to Perfection, first as a prep person and later as a painter and supervisor.  He was paid hourly until 2012, when he became salaried.  While an hourly employee, he averaged 63 hours a week at $15 per hour, with no overtime compensation.

In 2012, Pino filed the instant complaint seeking overtime wages under the FLSA.[2]  He alleged that Painted to Perfection was an "enterprise" grossing $500,000 or more a year, and that both his work and the business itself affected interstate commerce.

Painted to Perfection moved for summary judgment, explaining that the business did not gross more than $500,000 a year in any of the relevant years, and

---

[1] The FLSA mandates that an "employee[ ]" who is "engaged in interstate commerce" must be paid time-and-a-half for all hours he works in excess of forty hours per week.  29 U.S.C. § 207(a).  The FLSA creates a private cause of action by the employee for the recovery of unpaid overtime wages and back pay.  *Id.* § 216(b).

[2] Although Pino captioned his complaint as "on behalf of others similarly situated," he did not make any class allegations or seek class certification.  *See, e.g.*, Fed. R. Civ. P. 23 (addressing class actions).  Thus, we will consider Pino's allegations as they apply to him individually.

thus it was not an "enterprise" under the FLSA. It also argued that Pino's work did not affect interstate commerce because he painted pleasure boats for local customers.

In Nazario's attached deposition, Nazario confirmed that his business did not gross the minimum amount to qualify as an "enterprise." And although he conceded that he had done work on boats from Italy, he stated that to his knowledge, the boats Pino worked on all belonged to local customers. In his affidavit, Nazario stated that he owned a local business that painted pleasure boats for local customers. He explained that the boats were not of a commercial nature and not intended for interstate commerce.

In his affidavit, Pino stated that many of the boats he worked on were "destined for interstate commerce," and had foreign or out-of-state registries. He explained that, although he did not speak with the yachts' owners, he often spoke to the captains and learned the boats would travel out of state.

The district court granted summary judgment to Nazario and Painted to Perfection, finding that the business was not an enterprise under the FLSA. The court further found that Pino was not entitled to individual coverage under the FLSA because he did not use instrumentalities of commerce. The court explained that working on boats with foreign registries did not change his intrastate activity to one involving interstate commerce. Pino now appeals.

We review *de novo* the district court's grant of summary judgment. *Robinson v. Tyson Foods, Inc.,* 595 F.3d 1269, 1273 (11th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We draw all factual inferences in a light most favorable to the nonmoving party." *Shiver v. Chertoff,* 549 F.3d 1342, 1343 (11th Cir. 2008).

The FLSA requires employers to pay covered employees at an overtime rate if they work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). To be entitled to the Act's protections, however, Pino must first show that he is covered by the Act by establishing either that his employer is an "enterprise engaged in commerce" or that he is entitled to individual coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). At issue in this case is whether Pino can establish individual coverage.[3]

To be eligible for "individual coverage," Pino must show that he was "engaged in" commerce; that is, he regularly and "directly participat[ed] in the actual movement of persons or things in interstate commerce" by "working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees . . . ." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264,

---

[3] Pino has abandoned his argument that Painted to Perfection was an "enterprise" under the FLSA. *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) (explaining that issues not raised in the initial brief are abandoned).

4

1266 (11th Cir. 2006) (*citing McLeod v. Threlkeld*, 319 U.S. 491, 493–98 (1943); 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005)); *see also* 29 U.S.C. § 207(a)(1) (mandating time-and-a-half for "employees . . . engaged in [interstate] commerce or in the production of goods for [interstate] commerce"); 29 C.F.R. § 776.1 (addressing the requirement that the employee be engaged in commerce).

"Commerce" is defined to include transportation between states and is "very broadly defined." *See* 29 C.F.R. § 776.8.  In determining what activities qualify as "in commerce,"

> [o]ne practical question to be asked is whether, without the particular service, interstate or foreign commerce would be impeded, impaired, or abated; others are whether the service contributes materially to the consummation of transactions in interstate or foreign commerce or makes it possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it from burdens or obstructions.

29 C.F.R. § 776.9.

In *McLeod*, which involved a cook for a railroad company, the Supreme Court explained that employees must be in the "channels of interstate commerce," such as operating or maintaining transportation facilities, to be covered under the FLSA.  But "those who merely affected that commerce" were not entitled to coverage under the "engaged in commerce" provision of the FLSA.  *McLeod*, 319 U.S. at 493–94; *see also* 29 C.F.R. § 776.11(c) (stating that in *McLeod* the cook's work was "too remote from interstate commerce or foreign commerce to establish

5

coverage on the ground that the employee performing it is 'engaged in commerce'").

Pino argues that he was "engaged in commerce" because he worked on boats with foreign registries, he spoke with captains of boats with foreign registries, and Nazario traveled out of state to work on boats. The district court found these insufficient to establish FLSA coverage. We agree.

There is no dispute that Pino never traveled outside Florida to work on any boats, and the fact that Nazario did is irrelevant. *Josendis*, 662 F.3d at 1316. Moreover, the fact that the boats at some point moved in interstate commerce is also insufficient. Instead, Pino must show that he "directly participated in the actual movement of persons or things in interstate commerce." *Id.* (citing *Thorne*, 448 F.3d at 1266) (emphasis omitted). The interstate nature of the boats Pino worked on ended when the boats reached their ultimate consumer. *See Thorne*, 448 F.3d at 1267 ("When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act."). Moreover, the act of painting the boats is a purely intrastate activity. *See e.g., Navarro v. Broney Auto Repairs, Inc.*, 314 F. App'x 179, 180 (11th Cir. 2008) (installation of motor parts into foreign and domestic cars was intrastate activity). There is nothing about painting pleasure boats that directly moves the boats into interstate commerce.

6

Finally, Pino alleged that he worked on boats with foreign registries. But painting such boats does not have the type of "close and immediate" connection with interstate commerce that would trigger individual coverage. *Cf. Kirschbaum v. Walling*, 316 U.S. 517, 518-26 (1942) (holding that maintenance workers of clothing manufacturer were covered under the FLSA). Painting pleasure boats is not work that, if absent, would "impede[], impair[], or abate[]" interstate commerce. *See* 29 C.F.R. § 776.9. Nor is it the type of "service [that] contributes materially to the consummation of transactions in interstate or foreign commerce or makes it possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it from burdens or obstructions." *Id.*

Accordingly, for the foregoing reasons, we conclude that Pino was not engaged in commerce in such a way as to be eligible for individual coverage.

**AFFIRMED.**