[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12902

Non-Argument Calendar

_____

KEBIN VALENTIN,
a.k.a. Kevin Valentin,
MATTHEW DAVID VALENTIN,
ANABELY ACEVEDO,

                                        Plaintiffs-Appellants,

*versus*

1245, LLC,
RMRP REALTY, LLC,
RONALD T. FATATO,
RONALD J. FATATO,
INTER STATE SALES CORP.,
d.b.a. Interstate Sales Corp., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62263-AHS

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kebin Valentin, Matthew Valentin, and Anabely Acevedo appeal the district court's grant of Appellees' motion for summary judgment in their claim for overtime pay under the Fair Labor Standards Act ("FLSA"). On appeal, Appellants argue that the district court erred when it held that they failed to establish individual coverage. They also argue that they qualify under the FLSA as domestic service employees.

I.

An employee must demonstrate that he is covered by the FLSA in order to be eligible for overtime pay. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). There are two types of FLSA coverage: First, an employee may claim "individual coverage" if he regularly and directly participates in the actual movement of persons or things in interstate commerce; second, an employee is subject to enterprise coverage if he is

22-12902                Opinion of the Court                3

employed in an enterprise engaged in commerce or in the production of goods for commerce. [1]

On appeal, Appellants claim coverage only pursuant to "individual coverage." We held in *St. Elien v. All County Environment Services, Inc.*, 991 F.3d 1197, 1200 (11th Cir. 2021), that "one who . . . regularly uses the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel is one who directly participates in the actual movement of persons or things in interstate commerce." *Id.* at 1200 (internal quotation and punctuation omitted). *See also id.* at 1201 (quoting 29 C.F.R. § 779.103: "[e]mployees are 'engaged in commerce' within the meaning of the Act when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof"); *id.* (quoting 29 C.F.R. § 776.23(d)(2): "[E]mployees who regularly use instrumentalities of commerce, such as the telephone, telegraph and mails for interstate communication are within the scope of the Act."). In *St. Elien*, we held that evidence of an employee's three to five interstate telephone calls per week provided a legally sufficient basis for a reasonable jury to find that the employee falls within the coverage of the Act. *Id.* at 1198.

---

[1]    Appellants have abandoned their claim to qualification for overtime under enterprise coverage by failing to brief it on appeal.

In his declaration, Kebin Valentin attested that he spoke to Appellees' New York-based employees several times each week as part of his job; Appellants Matthew Valentin and Anabely Acevedo claim coverage indirectly through Kebin Valentin's communications. The Appellees asserted that Kebin only communicated with Appellee Ronald T. Fatato who lives in Florida and Kebin only had communications with the office in New York on isolated occasions.

The district court acknowledged this dispute in its order but credited Appellees' statement of the facts. This was error. "When considering a motion for summary judgment, . . . 'courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party and when conflicts arise between the facts evidenced by the parties, [they must] credit the nonmoving party's version.'" *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) (alteration in original) (quoting *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006)). We have stated that the nonmoving party may rely on self-serving affidavits to withstand a motion for summary judgment. *United States v. Stein*, 881 F.3d 853, 858 (11th Cir. 2018)(en banc). Further, we explained that Federal Rule of Civil Procedure 56 does not "require an otherwise admissible affidavit be corroborated by independent evidence." *Id.* Thus, "even in the absence of collaborative evidence, a plaintiff's own testimony may be sufficient to withstand summary judgment." *Id.* (quoting *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1160 (11th Cir. 2012)). Any requirement for corroboration must come from a source other than Rule 56. *Id.* at 858. Thus Kebin's affidavit is sufficient to create

a genuine issue of material fact on whether he was a covered employee.

The same is not true for Matthew and Anabely. We have stated that the employees seeking to establish that they are "engaged in commerce" under the FLSA must be "*directly* participating in the actual movement of person or things interstate commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (emphasis added). Thus, Matthew and Anabely's admission that they were not involved in the phone calls Kebin says he participated in to the New York office is fatal to their claim.

For the foregoing reasons, the district court's order is vacated in part and affirmed in part. We remand to the district court for further proceedings not inconsistent with this opinion.[2]

VACATED and REMANDED in part, AFFIRMED in part.

---

[2] We reject Appellants' incomplete and belated argument that they qualify under the FLSA as domestic service employees. Appellants raised this issue for the first time in their answer to the Appellees' motion for summary judgment and never amended their complaint. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). In recognition of that rule, the district court did not address the issue in its order. We likewise will not acknowledge this improperly raised argument.