[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12902
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23289-CV-CMA

JORGE GUZMAN,
and all others similarly situated,

                                                        Plaintiff-Appellant,

versus

IRMADAN, INC.,
d.b.a. Dansco Enterprises,
DAN PASQUALUCCI,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2009)

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jorge Guzman appeals the dismissal of his complaint for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. No reversible error has been shown; we affirm.

Here, the district court granted Irmadan's summary judgment motion after concluding that Guzman was not engaged in interstate commerce under the FLSA. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). On appeal, Guzman -- who assembled and installed kitchen cabinets in customers' homes and businesses for Irmadan -- argues that he individually was engaged in interstate commerce because he purchased and transported building materials that had traveled in interstate commerce.

The FLSA requires an employer to pay an employee overtime compensation for any hours worked in excess of forty in a given workweek, if that employee establishes either individual or enterprise coverage.[1] For individual coverage to apply under the FLSA, Guzman had to show that he (1) engaged in commerce or

_____

[1]Guzman originally argued for enterprise coverage but later conceded that it was not a viable theory because Defendant did not have at least $500,000 in gross revenues. 29 U.S.C. § 203(s)(1)(A)(ii).

2

(2) engaged in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

Guzman relies on the "engaged in commerce" element.

To receive overtime compensation, Guzman had to "directly participat[e] in the actual movement of persons or things in interstate commerce." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).[2]  In his employment with Irmadan, Guzman would, on occasion, pick up materials for Irmadan from local hardware and retail stores.  These materials -- including plywood and liquid nails -- had come from out of state and abroad and later were used in the construction of Irmadan's cabinets.  But the materials were removed from the flow of interstate commerce when they arrived at the retail stores.  See id. at 1267 ("When goods reach the customer for whom they were intended, the interstate journey ends . . ."); see also 29 U.S.C. § 203(i).  Guzman's later transport of the materials and installation of cabinets purchased by Irmadan's customers purely was intrastate activity "not covered under the Act."  Thorne, 448 F.3d at 1267. Guzman's assertion that Irmadan's customers were the ultimate consumers of the materials is unavailing; the materials Guzman used and transported simply allowed Irmadan to conduct its cabinetry business.  See Dunlop v. Indus. Am. Corp., 516 F.2d 498, 499-502 (5th Cir. 1975) (wholly intrastate garbage removal service was

_____

[2]In enacting the FLSA, Congress did not exercise the full scope of its commerce power. Walling v. Jacksonville Paper Co., 63 S.Ct. 332, 336 (1943).

3

the ultimate consumer of the gasoline -- which had moved in interstate commerce -- used in operating company's trucks).[3]

AFFIRMED.

---

[3]In his brief, Guzman belies his own assertion that the customers were the ultimate consumers of the materials, noting that the materials he picked up were "crucial and central to [Irmadan's] cabinetry business" and that he transported the materials "to be used in connection with [Irmadan's] business."