# United States Court of Appeals
## For the First Circuit

No. 11-2132

JOSÉ A. RIVERA-RIVERA,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Lipez, Thompson,
Circuit Judges.

Lydia Lizarríbar-Masini on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, on brief for appellee.

June 29, 2016

**LIPEZ**, **Circuit Judge**. Appellant José Rivera-Rivera was convicted in 2005 on three charges stemming from the armed robbery of a lottery ticket business at a mall in Caguas, Puerto Rico. On direct appeal, a divided panel of this court affirmed his conviction and sentence. See United States v. Rivera-Rivera, 555 F.3d 277 (1st Cir. 2009). Rivera subsequently petitioned for post-conviction relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel based on multiple instances of alleged inadequate representation. The district court concluded that none of the asserted flaws warranted relief. We granted a certificate of appealability on the one question linked to the issue that split the prior panel: "whether petitioner's trial attorney had provided ineffective assistance of counsel in failing to move for a judgment of acquittal on the Hobbs Act charge." After carefully considering Rivera's claim, we affirm.

## I. Background

Rivera and co-defendant Ramón Sánchez-Rosado were convicted for taking approximately $9000 and other items from a lottery ticket business at the Muñiz Gallery shopping mall after forcing the mall manager, at gunpoint, to open the business's safe. See Rivera-Rivera, 555 F.3d at 280-81. A jury found the defendants guilty on all three counts charged: (1) aiding and abetting an armed robbery affecting interstate commerce, in violation of the Hobbs Act, (2) using a firearm in connection with the robbery, and

- 2 -

(3) being a felon in possession of a firearm.  Id. at 281-82.

Rivera was sentenced to 415 months' imprisonment.

Among other issues raised in their direct appeal, the defendants claimed that the government had failed to offer sufficient evidence of the robbery's effect on interstate commerce, as required to support a Hobbs Act violation.[1]  In rejecting this claim, the panel majority applied plain error review because the claim had not been raised below.[2]  The majority noted, however, that "[e]ven if we were reviewing the appellants' sufficiency claim de novo, . . . we would be hard pressed to find the evidence regarding the interstate commerce nexus insufficient to support the verdict."  Id. at 287.  The dissenting judge found the evidence inadequate because "the record lacks proof of future interstate purchasing by [the] business on which the robbery could have had an impact."  Id. at 295 (Lipez, J., dissenting).

---

[1] The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion . . . shall be fined . . . or imprisoned."  18 U.S.C. § 1951(a).

[2] The panel majority observed that the defendants had moved for judgment of acquittal on the robbery and related firearm charges, but had not done so "on the basis that the government failed to present sufficient evidence that the lottery business was engaged in interstate commerce."  Rivera-Rivera, 555 F.3d at 285 n.7.  The dissenting panel member nonetheless considered the issue preserved because the district court had cut off counsel's motion in mid-sentence, thus denying defendants the opportunity to "specifically refer to the interstate commerce element."  Id. at 294 n.17.

Following disposition of his direct appeal, Rivera filed a pro se petition under 28 U.S.C. § 2255 seeking relief from his sentence and a new trial based on ineffective assistance of counsel in violation of his Sixth Amendment rights. He argued, inter alia, that counsel was ineffective in failing to move for acquittal on the Hobbs Act charge based on the insufficiency of the evidence linking the lottery business to interstate commerce.[3] The district court denied the motion. With respect to the Hobbs Act claim, the court held that, "because there was sufficient evidence to prove a nexus to interstate commerce, [it could not] find counsel deficient in his choice not to raise a futile sufficiency argument." The court declined to issue a certificate of appealability on any issue. See Rule 11(a), Rules Governing § 2255 Proceedings (directing the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

Rivera then applied to this court for a certificate of appealability on four claims. See Fed. R. App. P. 22(b)(1) ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a

---

[3] Rivera also alleged ineffective assistance based on his attorney's failure to move to suppress evidence, object to certain jury instructions, request other instructions, and make an opening statement, and he also cited counsel's acquiescence to certain factual stipulations.

certificate of appealability under 28 U.S.C. § 2253(c)."); Rule 11(a), Rules Governing § 2255 Proceedings ("If the [district] court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."). We granted the certificate only on the issue of counsel's failure to move for acquittal on the Hobbs Act charge.[4] We also granted Rivera's motion for appointment of counsel. This appeal followed.

## II. Discussion

To succeed with a claim of ineffective assistance of counsel, a criminal defendant must establish both that "his attorney's performance was deficient under an objective standard of reasonableness; and [that] his defense suffered prejudice as a result." United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013); see also Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Here, we begin and end with the prejudice inquiry. See Carrigan, 724 F.3d at 44 ("Failure to satisfy one of the Strickland prongs is fatal and, therefore, we are free to tackle either prong first.").

Under Strickland, "[i]t must be 'reasonably likely' that the result of the criminal proceeding would have been different" if

---

[4] On the other claims, we concluded that Rivera had "failed to make 'a substantial showing of the denial of a constitutional right.'" Rivera-Rivera v. United States, No. 11-2132, Order (Nov. 5, 2013) (quoting 28 U.S.C. § 2253(c)(2)).

counsel had performed as the defendant asserts he should have. Hensley v. Roden, 755 F.3d 724, 736 (1st Cir. 2014) (quoting Strickland, 466 U.S. at 696). Moreover, "that likelihood 'must be substantial, not just conceivable.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 112 (2011)). Hence, Rivera's Sixth Amendment claim will fall short unless he can show a substantial likelihood that he would have obtained a different outcome on the Hobbs Act count if his attorney had moved for judgment of acquittal based on inadequate evidence of the robbery's impact on interstate commerce.[5] Rivera is unable to satisfy that standard.

Rivera's post-conviction claim that his attorney unreasonably failed to challenge the evidence on interstate commerce was presented to the same judge who presided over his trial. In evaluating that claim, the trial judge expressly agreed with the view of the First Circuit panel majority, holding that "there was sufficient evidence to prove a nexus to interstate commerce." This determination means it is unlikely that a motion for judgment of acquittal filed during trial would have succeeded. In effect, the judge to whom such a motion would have been submitted has stated that the motion would have been denied.

---

[5] Both the robbery conviction and related firearms conviction would be unsupportable if there were insufficient evidence of the robbery's impact on interstate commerce. See Rivera-Rivera, 555 F.3d at 285 n.5, 282.

Nor has Rivera shown the requisite likelihood of a different result in the direct appeal if this particular sufficiency claim had been preserved at trial. To the contrary, the majority strongly indicated that its conclusion would have been the same under a de novo review of the record. Indeed, the issue turned primarily on the interpretation and application of precedent, which both the majority and dissent discussed at some length. See Rivera-Rivera, 555 F.3d at 285-89, 293-98. We thus see no chance that plenary review would have changed the majority's analysis.[6]

Finally, we note that Rivera also criticizes his attorney for failing to develop evidence showing that "the business contacts with interstate commerce were remote and did not amount to the required nexus."[7] However, this contention is materially different from the issue on which we granted the certificate of appealability, i.e., counsel's failure to challenge the adequacy of the evidence presented by the government on that element. Moreover, under the panel majority's reasoning, we see no likelihood that additional evidence would have changed the result.

---

[6] Because the sufficiency claim necessarily involved application of legal precedent to the evidence adduced at trial, we also discern no abuse of discretion in the district court's decision not to hold an evidentiary hearing on this claim. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

[7] The defense presented no evidence at trial.

Pointing to testimony that some of the lottery business customers were from out of state, the majority declared that "[t]his evidence alone suffices to establish the requisite interstate commerce nexus." Rivera-Rivera, 555 F.3d at 288. We therefore do not further address this variation on Rivera's Sixth Amendment claim.

Accordingly, even assuming that counsel's failure to move for acquittal based on insufficient evidence of the robbery's effect on interstate commerce was deficient performance under Strickland, Rivera has not satisfied the prejudice prong of the two-part inquiry into ineffective assistance of counsel.[8] Hence, we affirm the denial of his petition for relief under 28 U.S.C. § 2255.

So ordered.

**--Dissenting Opinion Follows--**

---

[8] Although the dissent presents a compelling case for deficient performance by Rivera's counsel, we disagree, as explained above, that the record permits us to find that Rivera has met the requisite prejudice standard. Specifically, given the post-trial rulings of the original panel and the district court, we cannot agree that a sufficiency-of-the-evidence objection at trial based on the interstate commerce element would have had a substantial likelihood of success. Indeed, all indications are to the contrary. The original panel majority rejected the view of the law advanced by the dissent here (and in the original case), and the district court followed the majority's lead in its post-conviction review. That legal judgment, based on an analysis of the precedent, would not be limited to the plain error context. Hence, the original panel's suggestion that the outcome of the case would not change on de novo review cannot be dismissed as mere dicta.

**TORRUELLA**, <u>**Circuit Judge, Dissenting**</u>.  The sole issue before us is whether Appellant José Rivera-Rivera's ("Rivera") trial attorney was derelict in his duty to provide Rivera with legal representation that complies with the standard established by the Supreme Court in <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668 (1984). Rivera's claim is based on his allegation that his trial counsel failed to challenge the sufficiency of the evidence presented by the Government to establish the interstate commerce element of the Hobbs Act violations for which Rivera was charged and convicted.[9] The majority essentially holds that because a panel of this court found under plain error review that the Government presented sufficient evidence to support the Hobbs Act charges, <u>United States</u> v. <u>Rivera-Rivera</u>, 555 F.3d 277, 285 (1st Cir. 2009) ("<u>Rivera I</u>"), Rivera cannot now prevail in his claim that his counsel was ineffective for having failed to raise the issue at trial.  Because I disagree with this reasoning and find under a <u>de novo</u> standard of review that the Government did not present sufficient evidence to support a Hobbs Act violation, I respectfully dissent.

<u>Strickland</u> requires both (1) "that counsel's performance was deficient," meaning that counsel made errors so serious that

---

[9]  The charges in this case were brought, and the jury was charged, under the interstate commerce requirement of the Hobbs Act. 18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion . . .  shall be fined . . . or imprisoned . . . .").

"counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense." 466 U.S. at 687. The majority's opinion focuses on the second prong of this test, under which a defendant must show "'a reasonable probability that the end result of the criminal process would have been more favorable' but for the defense counsel's deficient performance." United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (quoting Missouri v. Frye, ___ U.S. __, 132 S. Ct. 1399, 1409 (2012)).

To determine whether there was prejudice in the trial attorney's failure to challenge the sufficiency of the Government's evidence on the Hobbs Act charges, it is necessary to evaluate the merits of the underlying claim. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (arguing that the merits of the underlying claim is "one element of proof of [the defendant's] Sixth Amendment claim"). In finding a lack of prejudice, the majority appears to rely on Rivera I's statement that "[e]ven if we were reviewing the appellants' sufficiency claim de novo, which we are not, we would be hard pressed to find the evidence regarding the interstate commerce nexus insufficient to support the verdict." 555 F.3d at 287. This statement is mere dicta given Rivera I's holding that its review would be for plain error. Rivera I did not, in fact, apply a de novo standard and its findings under the highly deferential plain error standard should not bind

this court's analysis under a de novo standard.  The differences between these two standards of review are significant and meaningful.  Under plain error review, the error in question has to be "plain," "clear," or "obvious."  United States v. Olano, 507 U.S. 725, 734 (1993); see also United States v. Delgado-Marrero, 744 F.3d 167, 184 (1st Cir. 2014) (stating that the error must be "clear or obvious").  De novo review, on the other hand, does not give such deference to lower court determinations and permits this court to independently evaluate the sufficiency of the evidence presented by the Government to support its Hobbs Act charges.

Under this more rigorous level of examination, defense counsel's performance was constitutionally deficient because he failed to present arguments that no reasonable trier of fact could have found that the business allegedly robbed by Rivera was in commerce within the meaning of the Hobbs Act at the time the alleged robbery took place.  The fact that a business is in interstate commerce at some point is not an unchangeable designation that is thereafter carried on without limit ad infinitum, as if it were a permanent tattoo.  Cf. Sucrs. de A. Mayol & Co. v. Mitchell, 280 F.2d 477, 480 (1st Cir. 1960) (establishing that interstate commerce ceases under the Fair Labor Standards Act when the goods come to rest); Guzman v. Irmadan, 322 F. App'x 644, 645 (11th Cir. 2009) (finding that goods purchased at a hardware store, which previously had moved in interstate

commerce, were already removed from interstate commerce once they arrived at the retail store); United States v. Skoczen, 405 F.3d 537, 544 (7th Cir. 2005) (holding that an interstate good loses its interstate quality when it arrives at its final destination); Dunlop v. Indus. Am. Corp., 516 F.2d 498, 499 (5th Cir. 1975) (recognizing that a garbage removal service was not engaged in interstate commerce merely because it purchased gasoline and other products from an entity that had moved them from out of state).

In this case, the Government's evidence concerning the alleged interstate nexus of the business in question was limited to: the purchase of machinery and parts for use in the store that were manufactured in Rhode Island, but obtained by Rivera from the Commonwealth of Puerto Rico's Treasury Department five years prior to the alleged robbery; testimony regarding the possible purchase of replacement equipment and parts at some undefined time in the future; evidence of sporadic purchases of lottery tickets produced in Puerto Rico by tourists visiting Caguas, a city in the center of Puerto Rico; and the incidental use of the business's gaming room by tourists who visited Caguas. Considering the sparsity and tenuousness of this alleged interstate commerce connection, defense counsel should have at a minimum argued to the trial court the caveat given by the Supreme Court in United States v. López, 514 U.S. 549, 557 (1995), and United States v. Morrison, 529 U.S. 598, 618 (2000), against expanding the interstate commerce reach

into what has been clearly reserved to local police power jurisdiction. On these facts, no reasonable trier of fact could have found a sufficient nexus between the lottery business and interstate commerce, and Rivera was entitled to have those charges dismissed rather than submitted to the jury.

If Rivera's counsel had objected to the Government's failure to present sufficient evidence to establish that the business allegedly robbed by Rivera was engaged in interstate commerce, the court would have had to dismiss the charges against Rivera.[10] This, however, is what actually transpired during the Rule 29 colloquy:

> DEFENSE COUNSEL: [W]e pray the Court to grant a Rule 29 and enter a not guilty verdict on this particular case at this time, because I submit that there is insufficient evidence for the robbery, the firearm, and the fact --
>
> THE COURT: I think there is overwhelming evidence of the fact that this robbery took place as testified to by the witnesses. Motion denied.
>
> OTHER DEFENSE COUNSEL: We adopt the motion.
>
> THE COURT: Anything else?

---

[10] The majority opinions points to the district court's rejection of this argument in its review of Rivera's § 2255 petition and argues that it is probative of prejudice because it means "it is unlikely that a motion for judgment of acquittal filed during trial would have succeeded." Supra at x. This argument is rather beside the point. In evaluating a claim for ineffective assistance of counsel, we must assume that the trial court would have accurately applied the law.

Nothing else was said regarding the Rule 29 motion, and the proceedings continued in another direction.[11]

Having established that the failure to object to the sufficiency of the evidence under the Hobbs Act did result in prejudice to his case, we proceed to analyze the first prong of Strickland: did the performance of the trial attorney fall "below the constitutional norm"? Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994). "The proper measure of attorney performance remains simple reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. It is not reasonable for a trial attorney to fail to challenge the sufficiency of the Government's evidence when that evidence has in fact been insufficient. No

---

[11] From this interchange it is clear that the court interrupted defense counsel's discussion before he had completed his Rule 29 objections, in particular, regarding any jurisdictional issues counsel may have wished to raise. The judge rushed to judgment without hearing the remainder of the attorney's contentions. Nevertheless, as can be seen from the text of the brief encounter of the Rule 29 colloquy, trial counsel was given the opportunity by the court to speak further regarding its ruling, but for reasons unknown, counsel chose not to take this opportunity, and thus failed to specifically raise what at this point we can only surmise was the jurisdictional issue. Given these circumstances, the question remains whether we are faced with a failure that lays not in counsel's performance but rather in the trial judge's erroneous action. I believe that counsel's silence, given the substantial jurisdictional question raised by the failure of the Government's evidence, overrides the trial court's precipitous ruling and is sufficiently serious to constitute a Strickland violation. Moreover, as we have seen, Rivera I held the issue to have been waived by trial counsel's actions and treated the question under plain error review rather than de novo review.

strategic choice or reasonable tactical decision could account for the trial attorney's failure in this regard.  See, e.g., id. at 690 (explaining that a lawyer's "strategic choices . . . are virtually unchallengeable" on Sixth Amendment grounds); United States v. Jackson, 918 F.2d 236, 243 (1st Cir. 1990) (finding that an attorney's representation is not inadequate if the relevant conduct could be viewed as "a reasonable tactical decision").

Finding both prongs of Strickland's test to have been met, I would grant Rivera's request, reverse his conviction and grant a new trial.