TORRUELLA, Circuit Judge,
Dissenting.
The sole issue before us is whether Appellant José Rivera-Rivera’s (“Rivera”) trial attorney was derelict in his duty to provide Rivera with legal representation that complies with the standard established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Rivera’s claim is based on his allegation that his trial counsel failed to challenge the sufficiency of the evidence presented by the Government to establish the interstate commerce element of the Hobbs Act violations for which Rivera was charged and convicted.[9] The majority essentially holds that because a panel of this court found under plain error review that the Government presented sufficient evidence to support the Hobbs Act charges, United States v. Rivera-Rivera, 555 F.3d 277, 285 (1st Cir. 2009) (“Rivera I”), Rivera cannot now pre *189 vail in his claim that his counsel was ineffective for having failed to raise the issue at trial. Because I disagree with this reasoning and find under a de novo standard of review that the Government did not present sufficient evidence to support a Hobbs Act violation, I respectfully dissent.
Strickland requires both (1) “that counsel’s performance was deficient,” meaning that counsel made errors so serious that “counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment” and (2) “that the deficient performance prejudiced the defense.” 466 U.S. at 687, 104 S.Ct. 2052. The majority’s opinion focuses on the second prong of this test, under which a defendant must show “ ‘a reasonable probability that the end result of the criminal process would have been more favorable’ but for the defense counsel’s deficient performance.” United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (quoting Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 1409, 182 L.Ed.2d 379 (2012)).
To determine whether there was prejudice in the trial attorney’s failure to challenge the sufficiency of the Government’s evidence on the Hobbs Act charges, it is necessary to evaluate the merits of the underlying claim. See Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (arguing that the merits of the underlying claim is “one element of proof of [the defendant’s] Sixth Amendment claim”). In finding a lack of prejudice, the majority appears to rely on Rivera I’s statement that “[e]ven if we were reviewing the appellants’ sufficiency claim de novo, which we are not, we would be hard pressed to find the evidence regarding the interstate commerce nexus insufficient to support the verdict.” 555 F.3d at 287. This statement is mere dicta given Rivera I’s holding that its review would be for plain error. Rivera I did not, in fact, apply a de novo standard and its findings under the highly deferential plain error standard should not bind this court’s analysis under a de novo standard. The differences between these two standards of review are significant and meaningful. Under plain error review, the error in question has to be “plain,” “clear,” or “obvious.” United States v. Plano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); see also United States v. Delgado-Marrero, 744 F.3d 167, 184 (1st Cir. 2014) (stating that the error must be “clear or obvious”). De novo review, on the other hand, does not give such deference to lower court determinations and permits this court to independently evaluate the sufficiency of the evidence presented by the Government to support its Hobbs Act charges.
Under this more rigorous level of examination, defense counsel’s performance was constitutionally deficient because he failed to present arguments that no reasonable trier of fact could have found that the business allegedly robbed by Rivera was in commerce within the meaning of the Hobbs Act at the time the alleged robbery took place. The fact that a business is in interstate commerce at some point is not an unchangeable designation that is thereafter carried on without limit ad infinitum, as if it were a permanent tattoo. Cf. Sucrs. de A. Mayol & Co. v. Mitchell, 280 F.2d 477, 480 (1st Cir. 1960) (establishing that interstate commerce ceases under the Fair Labor Standards Act when the goods come to rest); Guzman v. Irmadan, 322 Fed. Appx. 644, 645 (11th Cir. 2009) (finding that goods purchased at a hardware store, which previously had moved in interstate commerce, were already removed from interstate commerce once they arrived at the retail store); United States v. Skoczen, 405 F.3d 537, 544 (7th Cir. 2005) (holding that an interstate good loses its interstate quality when it arrives at its final destination); Dunlop v. Indus. Am. Corp., 516 F.2d 498, *190 499 (5th Cir. 1975) (recognizing that a garbage removal service was not engaged in interstate commerce merely because it purchased gasoline and other products from an entity that had moved them from out of state).
In this case, the Government’s evidence concerning the alleged interstate nexus of the business in question was limited to: the purchase of machinery and parts for use in the store that were manufactured in Rhode Island, but obtained by Rivera from the Commonwealth of Puerto Rico’s Treasury Department five years prior to the alleged robbery; testimony regarding the possible purchase of replacement equipment and parts at some undefined time in the future; evidence of sporadic purchases of lottery tickets produced in Puerto Rico by tourists visiting Caguas, a city in the center of Puerto Rico; and the incidental use of the business’s gaming room by tourists who visited Caguas. Considering the sparsity and tenuousness of this alleged interstate commerce connection, defense counsel should have at a minimum argued to the trial court the caveat given by the Supreme Court in United States v. López, 514 U.S. 549, 557, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and United States v. Morrison, 529 U.S. 598, 618, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), against expanding the interstate commerce reach into what has been clearly reserved to local police power jurisdiction. On these facts, no reasonable trier of fact could have found a sufficient nexus between the lottery business and interstate commerce, and Rivera was entitled to have those charges dismissed rather than submitted to the jury.
If Rivera’s counsel had objected to the Government’s failure to present sufficient evidence to establish that the business allegedly robbed by Rivera was engaged in interstate commerce, the court would have had to dismiss the charges against Rivera.[10] This, however, is what actually transpired during the Rule 29 colloquy:
DEFENSE COUNSEL: [W]e pray the Court to grant a Rule 29 and enter a not guilty verdict on this particular case at this time, because I submit that there is insufficient evidence for the robbery, the firearm, and the fact—
THE COURT: I think there is overwhelming evidence of the fact that this robbery took place as testified to by the witnesses. Motion denied.
OTHER DEFENSE COUNSEL: We adopt the motion.
THE COURT: Anything else?
Nothing else was said regarding the Rule 29 motion, and the proceedings continued in another direction.[11]
*191 Having established that the failure to object to the sufficiency of the evidence under the Hobbs Act did result in prejudice to his case, we proceed to analyze the first prong of Strickland: did the performance of the trial attorney fall “below the constitutional norm”? Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994). “The proper measure of attorney performance remains simple reasonableness under prevailing professional norms.” Strickland, 466 U.S. at 688, 104 S.Ct. 2052. It is not reasonable for a trial attorney to fail to challenge the sufficiency of the Government’s evidence when that evidence has in fact been insufficient. No strategic choice or reasonable tactical decision could account for the trial attorney’s failure in this regard. See, e.g., id. at 690, 104 S.Ct. 2052 (explaining that a lawyer’s “strategic choices ... are virtually unchallengeable” on Sixth Amendment grounds); United States v. Jackson, 918 F.2d 236, 243 (1st Cir. 1990) (finding that an attorney’s representation is not inadequate if the relevant conduct could be viewed as “a reasonable tactical decision”).
Finding both prongs of Strickland’s test to have been met, I would grant Rivera’s request, reverse his conviction and grant a new trial.

.The charges in this case were brought, and the jury was charged, under the interstate commerce requirement of the Hobbs Act. 18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion ... shall be fined ... or imprisoned .... ”).

. The majority opinions points to the district court’s rejection of this argument in its review of Rivera's § 2255 petition and argues that it is probative of prejudice because it means "it is unlikely that a motion for judgment of acquittal filed during trial would have succeeded.” Supra at x. This argument is rather beside the point. In evaluating a claim for ineffective assistance of counsel, we must assume that the trial court would have accurately applied the law.

. From this interchange it is clear that the court interrupted defense counsel’s discussion before he had completed his Rule 29 objections, in particular, regarding any jurisdic- . tional issues counsel may have wished to raise. The judge rushed to judgment without hearing the remainder of the attorney’s contentions. Nevertheless, as can be seen from the text of the brief encounter of the Rule 29 colloquy, trial counsel was given the opportunity by the court to speak further regarding its ruling, but for reasons unknown, counsel chose not to take this opportunity, and thus failed to specifically raise what at this point we can only surmise was the jurisdictional issue. Given these circumstances, the question remains whether we are faced with a failure that lays not in counsel’s performance but rather in the trial judge’s erroneous action. I *191 believe that counsel's silence, given the substantial jurisdictional question raised by the failure of the Government’s evidence, overrides the trial court’s precipitous ruling and is sufficiently serious to constitute a Strickland violation. Moreover, as we have seen, Rivera I held the issue to have been waived by trial counsel’s actions and treated the question under plain error review rather than de novo review.