United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

06-20671

_____

GREGORIO CHAVEZ SOBRINIO,

Plaintiff-Appellant,

v.

MEDICAL CENTER VISITOR'S LODGE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

Gregorio Chavez Sobrinio brought this suit against his former employer, Medical Center Visitor's Lodge ("MCVL"). He complains that he was paid below the minimum wage and was not properly compensated for overtime, in violation of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201-19.

While MCVL disputes the substantive charges, the threshold question is whether Sobrinio is covered by the FLSA through his employment with MCVL. Sobrinio argues that he is entitled to the FLSA's protections because he was "engaged in interstate commerce"

when performing his job duties. 29 U.S.C. § 207(a). The district court disagreed and granted MCVL's motion for summary judgment, finding that Sobrinio was not covered by the FLSA.

We review the district court's grant of summary judgment *de novo*. *Fiesel v. Cherry*, 294 F.3d 664, 667 (5th Cir. 2002). Sobrinio's sole challenge is to the district court's finding that he was not "engaged in commerce" under the FLSA. This leaves Sobrinio with a relatively difficult argument under the FLSA, as "[t]he test of whether one is in commerce is obviously more exacting than the test of whether his occupation is necessary to production for commerce." *Armour & Co. v. Wantock*, 323 U.S. 126, 131 (1944).

Sobrinio was a full-time employee of MCVL. MCVL is an 18-room motel that houses patients (and their families) seeking treatment at the Texas Medical Center in Houston. Sobrinio provided a variety of services. He acted as a janitor, security guard and a driver for the motel's guests, who were often from out of town. Importantly, Sobrinio only drove the guests to and from the Texas Medical Center and nearby stores; he did not drive them to or from any airport or other interstate transportation center. *See Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122 (5th Cir. 1979); *Airlines Transp., Inc. v. Tobin*, 198 F.2d 249 (4th Cir. 1952).

To determine whether these activities amount to Sobrinio being

personally engaged in interstate commerce, we apply a practical test. "The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960) (citation omitted). There is no *de minimis* requirement. "[A]ny regular contact with commerce, no matter how small, will result in coverage." *Marshall,* 603 F.2d at 1124. It is Sobrinio's burden to prove that the FLSA applies to him. *Warren Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942).

Given the facts that Sobrinio alleges, we agree with the district court that his activities are purely local in nature and fall outside the FLSA's protections. Sobrinio draws attention to his activity transporting out-of-state patrons, pointing to cases finding that transporters are covered by the FLSA. *See, e.g.*, *Marshall*, 603 F.2d 1122 (bus operators that transport passengers to international transportation points covered); *Airlines*, 198 F.2d 249 (limousine drivers contracted exclusively to take passengers to and from airport covered).

But Sobrinio relies on cases, unlike his, that involve employees transporting travelers to and from interstate and international transportation points. Those cases might control if Sobrinio transported motel patrons to and from the airport in Houston, for instance, but he makes no such allegation.

3

This Court has found employees engaged in commerce when "their work was entwined with a *continuous* stream of [interstate] travel." *Marshall*, 603 F.2d at 1125 (emphasis added). Sobrinio's driving activities cannot be viewed as part of a constant stream of interstate travel, since his passengers were not in the midst of such travel. Their interstate travel terminated when they first reached the MCVL and did not start again until they ultimately departed.

That many of the motel guests were out-of-state does not alter the local quality of Sobrinio's work. His activities took place outside the stream of travel, after MCVL guests arrived from out-of-state and before they began their departure journeys. His job description amounts to nothing more than providing local transportation for motel patrons.

Sobrinio fails to satisfy his burden of showing that he was engaged in interstate commerce, and he therefore is not entitled to the FLSA's protections based on the facts alleged. Accordingly, we agree with the district court and AFFIRM its judgment.

4