[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11619
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cv-60630-RAR


WENDY ST. ELIEN,

                                        Plaintiff - Appellant,

versus

ALL COUNTY ENVIRONMENTAL SERVICES, INC.,
VICTOR WEST, III,
DAHLIA WEST,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 18, 2021)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

NEWSOM, Circuit Judge:

This case presents the following question:  Does evidence that an employee makes three to five phone calls per week to out-of-state customers and vendors provide a legally sufficient basis for a reasonable jury to find that the employee falls within the coverage of the Fair Labor Standards Act?  We hold that it does.  Because the district court erred in concluding otherwise, we vacate its judgment and remand for further proceedings.

## I

All County Environmental Services, Inc. provides pest-control services for homes and businesses in Southeast Florida.  All County has only one office, located in Broward County, and Wendy St. Elien worked there as an administrative assistant.  St. Elien sued All County, All County's president Victor West III, and Victor's wife Dahlia West, alleging that they had violated the Fair Labor Standards Act by failing to pay her overtime wages.

The FLSA provides, subject to exceptions not relevant here, that—

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

2

Section 207(a)(1)'s first clause—which refers to "any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce"—pertains to what we've called "individual coverage" and requires us to examine the individual employee's activities. *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). The second clause—which refers to "an enterprise engaged in commerce or in the production of goods for commerce"—points to what we've termed "enterprise coverage" and requires an assessment of the enterprise's activities. *See Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010).

This case went to trial on the question whether St. Elien's interstate contacts sufficed to bring her within the FLSA's ambit through § 207(a)(1)'s "individual coverage" clause. At trial, St. Elien testified that she called All County's out-of-state customers and vendors on the phone between three and five times a week. She explained that many of the out-of-state customers were "snowbirds"—those who live in colder climes much of the year and then head down to Florida during winter. St. Elien called these customers to ask for permission to charge their credit cards for services rendered at their Florida properties or to get their go-ahead before All County entered their premises. As to the out-of-state vendors, St. Elien called their corporate headquarters to discuss billings and payments to

3

those companies for purchases that All County had made at those companies' local stores.

Having heard St. Elien put on her case for two days, the district court granted the defendants' Rule 50(a) motion for judgment as a matter of law. The district court's ruling hinged on the following portion of our decision in *Thorne*:

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

448 F.3d at 1266.

On the district court's reading of that passage, a plaintiff must, as a necessary prerequisite, present evidence that she "direct[ly] participat[ed] in the actual movement of persons or things in interstate commerce," such that the plaintiff's proof that she "regularly used the instrumentalities of interstate commerce," without more, wouldn't establish individual coverage. And in this case, the district court found that St. Elien failed to satisfy that threshold condition because "there [was] simply no evidence in the record that [she] directly participated in the actual movement of persons or things in interstate commerce." Regarding the phone calls, the court said that it was "unpersuaded

4

that speaking on the phone with 'snowbirds' to obtain approval for local work and payment processing constitutes 'direct participation' in interstate commerce." And, the court continued, calling those customers on the phone to discuss their payments or gain permission to enter their properties did "not alter the fundamentally local nature of [St. Elien's] work." Accordingly, the court held that St. Elien wasn't individually covered by the FLSA and that the defendants were entitled to judgment as a matter of law.

This is St. Elien's appeal.[1]

## II

First, the statutory text. We must ask whether the evidence was sufficient to support a jury finding that St. Elien was an "employee[] who in any workweek . . . engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Because there's no contention that St. Elien produced goods for commerce, the sole question is whether a rational jury could have found that she was "engaged in commerce."

---

[1] "A ruling on a party's motion for judgment as a matter of law is reviewed *de novo*, applying the same legal standard as the district court." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (quotation marks omitted). To grant such a motion, the court must "find[] that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," Fed. R. Civ. P. 50(a)(1), even when all logical inferences are made for, and the record is viewed in the light most favorable to, the nonmovant, *McGinnis*, 817 F.3d at 1254.

We hold that it could have.  The FLSA defines "[c]ommerce" to mean "trade, commerce, transportation, transmission, *or communication* among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b) (emphasis added).  As a matter of plain text, then, it would seem that St. Elien "engaged in commerce" because she engaged in "communication . . . between any State and any place outside thereof."  After all, she was in Florida and she called—that is, engaged in communication with—customers and vendors in other states and, in one instance, another country.  And she did so three to five times a week as part of her work for All County.  That, we think, is sufficient to permit a rational jury to conclude that St. Elien was individually covered by the FLSA.

The district court felt constrained to reach the opposite conclusion based largely on our decision in *Thorne* and, in particular, our statement (quoted earlier) that—

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266.

6

Based on that passage, the district court rejected the contention that the "testimony that [St. Elien] regularly spoke to out-of-state customers [was] sufficient to submit the case to the jury."  The court acknowledged that "allegations that a plaintiff directly participated in interstate commerce by placing telephone calls to out-of-state customers is sufficient to navigate a plaintiff through the courthouse door," but held that, ultimately, more was required under *Thorne*, such that St. Elien's communications with out-of-state customers (and, we assume, vendors) left no room for a reasonable jury to find in her favor.

That seems to us a plausible but ultimately mistaken reading of *Thorne*.  St. Elien argues, and we agree, that the phrase in *Thorne* on which the district court focused—"he must be directly participating in the actual movement of persons or things in interstate commerce by"—is not a freestanding condition imposed on each of the latter two components of the sentence.  Rather, those two components are independent ways "by" which one can show "direct[] participat[ion]."  That is, one who, within the meaning of sub-clause (ii), "regularly us[es] the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel" ***is*** one who "directly participat[es] in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266.

7

The remainder of *Thorne* supports that interpretation. As evidence, consider how *Thorne* frames the individual-coverage issue elsewhere. For instance, the Court said that "[f]or individual coverage to apply under FLSA, [the plaintiff] must have provided evidence at trial that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Id.* Then, within its discussion of the "engaged in commerce" route to coverage, the Court discussed "the actual movement of persons or things in interstate commerce." *Id.* And it did so based on regulations that specify how the FLSA applies in the context of the construction industry. *See id.* (citing 29 C.F.R. § 776.23(d)(2) ("Employment in the construction industry"); *id.* § 776.24 ("Travel in connection with construction projects"). Notably, the Court observed that the plaintiff there "did not produce evidence that he corresponded with merchants outside the state of Florida using the mail, phone, or fax . . . ." *Id.* at 1267. That caveat—which seems to describe precisely the kind of evidence that St. Elien produced here—strongly suggests that the Court didn't mean to graft an "actual movement of persons or things" evidentiary requirement onto the definition of "commerce" for all FLSA claims. Accordingly, we don't think that *Thorne* forecloses the possibility that a reasonable jury could find for St. Elien.

St. Elien also directs our attention to regulations promulgated by the Department of Labor that counsel against the district court's reading of the FLSA.

8

While we don't find § 207(a)(1) ambiguous—and thus needn't wade into *Chevron*'s waters—we do note that a number of DOL's regulations buttress our reading of the text.  Consider, for example, 29 C.F.R. § 779.103:

> Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce as well as workers who order, receive, pack, ship, or keep records of such goods; *clerical and other workers who regularly use the mails, telephone or telegraph for interstate communication*; and employees who regularly travel across State lines while working.

29 C.F.R. § 779.103 (emphasis added).  The same regulation explains that "[e]mployees are 'engaged in commerce' within the meaning of the Act when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and *including information and intelligence*) among the several States or between any State and any place outside thereof." *Id.* (emphasis added).  Under DOL's understanding of matters, then, clerical workers making phone calls to out-of-state entities to exchange information fall within the FLSA's ambit.  Other regulations reflect the same understanding that this kind of work satisfies the "engaged in commerce" criterion.  *See, e.g.*, 29 C.F.R. § 776.23(d)(2) ("[E]mployees who regularly use instrumentalities of commerce, such as the telephone, telegraph and mails for interstate communication are within the scope of the Act."); *id.* § 776.10(b) ("[S]ince 'commerce' as used in the Act includes not only 'transmission' of communications but 'communication' itself,

9

employees whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the Act.").

* * *

For the foregoing reasons, we hold that a reasonable jury could find that St. Elien was covered under the FLSA.  We therefore **VACATE** the district court's judgment and **REMAND** for further proceedings consistent with this opinion.