# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2022

Lyle W. Cayce
Clerk

No. 20-30815

BYRON TAYLOR, *on behalf of himself and on behalf of all others similarly situated*; LONNIE TREAUDO; KENDALL MATTHEWS; KENNETH HUNTER; TERRAINE R. DENNIS; JOHN EDMOND; GEORGE TRICHE; ALFRED EDMOND,

*Plaintiffs—Appellants*,

*versus*

HD AND ASSOCIATES, L.L.C.; JOHN DAVILLIER,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-10635

Before HIGGINBOTHAM, WILLETT, and DUNCAN, *Circuit Judges*.
PER CURIAM:

No. 20-30815

Cable technicians working for HD and Associates (HDA) alleged that they did not receive overtime pay, in violation of the Fair Labor Standards Act (FLSA). Granting summary judgment to HDA, the district court ruled that the technicians and HDA were not covered by the FLSA, and that even if they were covered, the technicians qualified for the bona fide commission exemption and thus were exempt from the overtime provisions. The technicians appealed. We affirm.

## I.

HDA, a subcontractor of Cox Communications (Cox), installs and repairs cable and telephone equipment for Cox's residential customers in Louisiana.[1] HDA technicians are assigned work directly by Cox, based on service requests from customers. HDA is located in Louisiana and all of the work that HDA performed for Cox in the relevant period was in Louisiana. Cox creates work orders for customer service requests in a digital platform, CX Connect; Cox then bundles the work orders for a given day and creates routes for the technicians, with arrival times for each work order assigned based on the time estimate for that type of work order. Cox and HDA also use CX Connect to track technicians' location and completion of assignments, and to update technicians' routes and assignments as needed. Each work order is allocated a point-value between zero and fifty which dictates how much a technician is paid for each work order.[2] If a technician does not finish their route, incomplete jobs are reassigned to technicians who have completed their assignments. Due to fluctuations in customer demand, the number of work orders fluctuates.

---

[1] John Davillier is the sole managing member of HDA.

[2] Cox pays HDA $4 per point, and HDA pays technicians $1.80 per point if the technician uses an HDA vehicle or $2.05 if they use their own vehicle.

No. 20-30815

Byron Taylor filed this collective action on behalf of himself and all others similarly situated, alleging that he and other technicians worked over 40 hours per week but did not receive overtime pay as required by the FLSA. The district court granted conditional certification of the collective action for cable technicians who had worked at HDA in the one year prior to the filing of the collective action.[3] HDA moved for partial summary judgment, arguing that HDA was not covered by the FLSA, or alternatively that it was exempt from the FLSA's overtime requirement based on the bona fide commission exemption. The district court granted summary judgment, finding HDA was not covered by the FLSA and that even if it were, the technicians would still be exempt from the overtime requirement due to the bona fide commission and Motor Carrier Act exemptions. The technicians timely appealed.

## II.

We review a grant of summary judgment *de novo*, viewing all evidence and drawing reasonable inferences in favor of the non-moving party.[4] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "[A] factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] We may

---

[3] Plaintiffs worked for HDA as technicians between May 22, 2018, and May 22, 2019. Still at issue below is whether the HDA technicians are independent contractors or employees. For the sake of clarity, we will refer to the plaintiffs as technicians, however if they are independent contractors, FLSA overtime protections do not apply.

[4] *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020).

[5] Fed. R. Civ. P. 56(a).

[6] *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (internal quotations omitted).

No. 20-30815

"affirm the . . . grant of summary judgment on any ground supported by the record and presented to the district court."[7]

## III.

We address whether the technicians or HDA are covered by the FLSA, before addressing any exemptions. There are two distinct methods for establishing FLSA coverage: individual and enterprise-wide coverage.[8] The standards for each method differ, however the district court looked only to the requirements of individual coverage.[9]

An individual employee is covered and must be paid overtime if they "engage[] in commerce or in the production of goods for commerce."[10] We apply a "practical test" to determine if an employee is engaged in interstate commerce, analyzing "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce. . . . There is no de minimis requirement. Any regular contact with commerce, no matter how small, will result in coverage."[11] The district court found that the technicians were not covered by the FLSA. Although we have not previously addressed whether cable technicians are engaged in interstate commerce, we are persuaded that they are. Because the technicians work

---

[7] *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 328 (5th Cir. 2017).

[8] 29 U.S.C. § 207(a)(1) (employers must pay overtime wages to any employee who "is engaged in commerce or in the production of goods for commerce," or "is employed in an enterprise engaged in commerce or in the production of goods for commerce"); 29 C.F.R. § 783.19.

[9] *E.g.*, *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 320–21 (1960).

[10] 29 U.S.C. § 207(a)(1); *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 428–29 (1955); *Sobrino v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam).

[11] *Sobrino*, 474 F.3d at 829 (internal quotations and citations omitted).

No. 20-30815

directly on the instrumentalities of interstate commerce, including phone and internet service, they are individually covered by the FLSA overtime protections.[12]

Alternatively, HDA could be a covered enterprise under the FLSA. The district court briefly addressed this possibility but mistakenly relied on cases from our individual coverage precedent and did not develop the record necessary for this determination. As we have established that there is individual coverage of the technicians, we need not address this alternate basis.

## IV.

Having established that the technicians are covered by the FLSA, we address whether they are exempt from the overtime pay requirement due to the bona fide commission exemption.

The bona fide commission exemption is an affirmative defense.[13] Under Rule 8(c), a defendant must affirmatively state an affirmative defense in its response with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[14] Failure to do

---

[12] The Department of Labor has issued regulatory guidance that employees who work on the "maintenance, repair, or improvement of existing instrumentalities of commerce," including telephone lines, are engaged in interstate commerce. 29 C.F.R. § 776.11(a)–(b); *see also Thorne v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (holding those "working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees" are covered individually by FLSA); *St. Elien v. All Cnty. Env't Servs., Inc.*, 991 F.3d 1197, 1199 (11th Cir. 2021) (holding that regularly using the instrumentalities of interstate commerce, such as making interstate phone calls, is also sufficient to show that an employee is engaging in interstate commerce).

[13] *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014); *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001).

[14] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

so waives the defense.[15] The technicians contend that HDA did not specifically plead the bona fide commission exemption and waived it. However, "a technical failure to comply precisely with Rule 8(c) is not fatal. A defendant does not waive a defense if it was raised at a pragmatically sufficient time and did not prejudice the plaintiff in its ability to respond."[16] FLSA defendants need not plead specific exemptions because plaintiffs are "put on notice by the very nature of the suit that these exemptions would be relevant to the determination of [HDA's] liability."[17] "[T]here is some play in the joints" as long as the plaintiff is not surprised by the affirmative defense, nor prejudiced in their ability to respond.[18] How and how much HDA paid technicians was clearly at issue. The technicians were on notice of this defense and HDA did not waive it.

The bona fide commission exemption exempts employers from the FLSA overtime provisions where (1) they are retail or service establishments; (2) the regular rate of pay for their employees is in excess of one and one-half times the applicable minimum hourly rate; and (3) more than half of the compensation represents commissions on goods or services.[19] Neither party disputes that HDA is a service establishment[20] and that its regular rate of pay for employees is in excess of one and one-half times the

---

[15] Fᴇᴅ. R. Cɪᴠ. P. 8(c); *Woodfield*, 193 F.3d at 362.

[16] *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (internal quotations and citations omitted).

[17] *Crofts v. DoubleBarrel Downhole Techs.*, No. 4:15-CV-00919, 2017 WL 11198916, at *3 (S.D. Tex. Aug. 16, 2017).

[18] *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008).

[19] 29 U.S.C. § 207(i).

[20] *See also, e.g.*, *Jones v. Tucker Commc'ns, Inc.*, No. 5:11-CV-398 MTT, 2013 WL 6072966, at *9 (M.D. Ga. Nov. 18, 2013) (finding that a cable installation company was service establishment).

No. 20-30815

applicable minimum hourly rate. At issue is only whether HDA pays technicians a commission.[21] Whether a payment is a commission for the purposes of this exception is a question of law that relies on how a payment works in practice, rather than what it is called.[22] Neither the text of the FLSA nor this Court has defined "commission."[23] Other courts have described a commission as having distinct features and we adopt their definition:

> (1) whether the commission is a "percentage or proportion of the ultimate price passed on to the consumer;" (2) whether the commission is "decoupled from actual time worked, so that there is an incentive for the employee to work more efficiently and effectively;" (3) the type of work is such that its "peculiar nature" does not lend itself to a standard eight-hour work day; and (4) whether the commission system "offend[s] the purposes of the FLSA."[24]

---

[21] Because technicians are paid based on the points system, if the points system is a commission, it is also undisputed that 100% of their pay would be a commission.

[22] *See Alvarado v. Corp. Cleaning Servs., Inc.*, 782 F.3d 365, 367 (7th Cir. 2015); *Klinedinst*, 260 F.3d at 1254.

[23] *Yi v. Sterling Collision Ctrs*, Inc., 480 F.3d 505, 508 (7th Cir. 2007); *Casanova v. Gold's Tex. Holdings Grp., Inc.*, No. 5:13-CV-1, 2016 WL 1241548, at *5 (W.D. Tex. Mar. 23, 2016).

[24] *Crawford v. Saks & Co.*, No. CV H-14-3665, 2016 WL 3090781, at *5 (S.D. Tex. June 2, 2016) (Rosenthal, J.) (alteration in original) (citations omitted) (quoting *Casanova*, 2016 WL 1241548, at *8; *Parker v. NutriSystem, Inc.*, 620 F.3d 274, 283–84 (3d Cir. 2010); *Yi*, 480 F.3d at 508; *Alvarado*, 782 F.3d at 368). Courts in the Second Circuit have adopted slightly different factors; however, the primary inquiry is the same. *See, e.g.*, *Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 275 (S.D.N.Y. 2016) ("(1) the employee's compensation must be tied to customer demand or the quantity of sales; (2) the compensation plan must provide performance-based incentives for the employee to increase his or her income; and (3) there must be proportionality between the value of the goods or services sold and the rate paid to the employee.").

"No factor appears dispositive in the case law, but the first two seem to carry the most weight."[25] Here, the commission paid is a percentage of the ultimate price passed onto Cox customers and the amount earned is tied to customer demand.[26] Given the nature of cable repairs, the work does not lend itself to a standard workday and this payment system does not offend the purposes of the FLSA. As Judge Posner notes, where a system of pay is industry-wide, it is persuasive that the whole industry is not violating FLSA overtime provisions.[27] The cable technician industry uses this payment method widely; it does not offend the purposes of the FLSA.

The determining factor is thus whether the amount of income earned is decoupled from the time worked. Alternatively, this can be understood as whether the compensation plan incentivizes faster work—if by working harder, rather than longer, one earns more, the payment is a commission.[28] For example, while a tennis pro could satisfy the other factors, they can only sell one hour of instruction per hour worked—the time worked is coupled to the amount earned.[29] By comparison, Judge Posner found that window washers, who were paid on a points per job system, were making a commission because time worked was decoupled from money earned. Window washing jobs were assigned a point value based on difficulty, so a five-point job could be finished by different window washers in varying

---

[25] *Casanova*, 2016 WL 1241548, at *8.

[26] The technicians' earnings are directly proportional to HDA's earnings.

[27] *Yi*, 480 F.3d at 510–11.

[28] *Id.* at 509; *Almanzar*, 175 F. Supp. 3d at 278.

[29] *E.g.*, *Casanova*, 2016 WL 1241548, at *9.

No. 20-30815

amounts of time. Because that payment system incentivized the window washers to work faster in order to earn more, it was a commission.[30]

Here, a technician makes the same amount for a five-point job regardless of how long it takes to complete, incentivizing the technician to work faster to receive more work orders. Although receiving more work orders was not guaranteed, it was clearly incentivized by the payment structure. Decoupling time worked from money earned, does not require a *guarantee* that the employee earn more money, only an incentive for them to do so.[31] Moreover, this compensation structure is not a piece-rate system, where one is paid by the item made and able to stock inventory. Rather the technicians are only paid by the service rendered, subject to customer demand.[32] Because compensation goes up or down by the number of work orders completed, not the number of hours worked, HDA technicians are paid a bona fide commission and are exempt from FLSA overtime requirements.

Finally, the district court held that, were HDA covered by the FLSA, it would also fall into the Motor Carrier Act (MCA) exemption to the FLSA overtime provisions.[33] We note that although the district court determined that the MCA applied, HDA did not assert it below. Moreover, the district court relied solely on cases predating the Technical Corrections Act of 2008, and thus never considered whether the technicians used vehicles weighing

---

[30] *Alvarado*, 782 F.3d at 366–68.

[31] *Jones*, 2013 WL 6072966, at *11.

[32] *Alvarado*, 782 F.3d at 367 (Posner, J.) ("Thus the scarf worker is paid for making scarves even if they haven't been sold—that is, even if he's producing for inventory—while the shoe salesman is paid only when he makes a sale.").

[33] *See* 29 U.S.C. § 213(b)(1); 49 U.S.C. § 31502; SAFETEA–LU Technical Corrections Act of 2008, Pub. L. No. 110–244, 122 Stat. 1572 (2008).

No. 20-30815

more than 10,000 pounds, which would make the MCA exemption inapplicable. As the technicians are not covered by the FLSA overtime provisions due to the bona fide commission exemption, we do not address this exemption.

## V.

HDA technicians are paid a bona fide commission and are exempt from FLSA overtime compensation requirements. Accordingly, we AFFIRM the judgment of the district court.